UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LBF TRAVEL, INC.,

                Plaintiff,

             -v-

FAREPORTAL, INC.
WK TRAVEL, INC.

             Defendants.

Case No. 13 Civ. 9143 (LAK) (GWG)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

McBREEN & KOPKO

    Norman N. Bluth
    nbluth@mklawnyc.com

    500 North Broadway, Suite 129
    Jericho, New York 11753
    Telephone: 516-364-1095
    Fax: 516-364-0612

HUGHES HUBBARD & REED LLP

By:    /s/ Peter A. Sullivan
    Peter A. Sullivan
    sullivan@hugheshubbard.com
    Beatrice Hamza Bassey
    bassey@hugheshubbard.com
    Nathaniel L. Fintz
    fintz@hugheshubbard.com

    One Battery Park Plaza
    New York, New York 10004-1482
    Telephone: 212-837-6000
    Fax: 212-422-4726

*Attorneys for defendants Fareportal, Inc. and WK Travel, Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .........................................................................................................................2

I.      LBF Fails To Allege Facts Sufficient To Support A Trademark Infringement Claim. .......3

II.     LBF's Claims of Website Trade Dress Infringement Should Be Dismissed. .....................5

        A.      LBF Fails To State Valid Claims For Website Trade Dress Infringement. ............5

        B.      LBF's Website Trade Dress Infringement Claims Are Compulsory
                Counterclaims in Fareportal's Prior Action And Thus Should Be
                Dismissed. .........................................................................................................9

III.    All of LBF's Common Law and State Statutory Law Claims Should Be Dismissed. ......11

        A.      Counts III Through IX of LBF's Complaint Should Be Dismissed Because
                of LBF's Failure to Plead Facts Sufficient to Show Infringing Trademark
                Use Under The Lanham Act. ..............................................................................12

        B.      Counts III, VIII, and IX of LBF's Complaint Should Be Dismissed
                Because LBF Fails To State Valid Trade Dress Infringement Claims And
                Because These Claims Are Compulsory Counterclaims In The Prior
                Action. ..............................................................................................................14

        C.      Counts VI and VII of LBF's Complaint Should Be Dismissed Because
                LBF Fails to Plead Facts Sufficient to Support These Claims. ............................16

IV.     LBF's Declaratory Judgment Claims Should Be Dismissed. ..........................................18

        A.      LBF Has Failed To Establish Its Standing To Bring Its Declaratory
                Judgment Claims, Which Should Thus Be Dismissed For Lack Of
                Subject-Matter Jurisdiction. ..............................................................................18

        B.      LBF's Declaratory Judgment Claims Are Compulsory Counterclaims in
                Fareportal's Prior Action And Thus Should Be Dismissed. .................................20

CONCLUSION .....................................................................................................................23

**TABLE OF AUTHORITIES**

Page(s)

C ASES

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400 (2d Cir. 2005).........................................4

*Matter of Appointment of Indep. Counsel*, 766 F.2d 70 (2d Cir. 1985).......................................18

*Arnold v. ABC, Inc.*, No. 06 Civ. 1747(GBD), 2007 WL 210330 (S.D.N.Y. Jan. 29, 2007) .................................................................................................................................14

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)........................................................2, 11

*Avante Intern. Technology, Inc. v. Hart Intercivic, Inc.*, No. 08–832–GPM, 2009 WL 2431993 (S.D. Ill. July 31, 2009).............................................................................20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) .........................................2, 9

*Biswas v. City of New York*, No. 12 Civ. 3607(JGK), 2013 WL 5421678 (S.D.N.Y. Sept. 30, 2013) ...........................................................................................................12

*Blue Cross and Blue Shield of Ala. v. Hobbs*, 209 F.R.D. 218 (M.D. Ala. 2002) .......................21

*California Apparel Creators v. Wieder of Cal.*, 162 F.2d 893 (2d Cir. 1947) ...............................8

*In re Citigroup Inc. Sec. Litig.*, No. 09 MD 2070(SHS), 2013 WL 6569875 (S.D.N.Y. Dec. 13, 2013)...............................................................................................................12

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 12 Civ. 9351(JPO), 2013 WL 3762882 (S.D.N.Y. July 18, 2013).......................................................18

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697 (2d Cir. 2000) .........9, 10, 20

*Eyal R.D. Corp. v. Jewelex New York Ltd.*, 784 F. Supp. 2d 441 (S.D.N.Y. 2011) ..............14, 15

*FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 493 F. Supp. 2d 545 (E.D.N.Y. 2007)........4, 13

*Ginther v. Provident Life & Cas. Ins. Co.*, 350 F. App'x 494 (2d Cir. 2009) ...............................10

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008).............13

*Info. Superhighway, Inc. v. Talk Am., Inc.*, 395 F. Supp. 2d 44 (S.D.N.Y. 2005) ...........13, 14, 15

*ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135 (2d Cir. 2007) .............................................................8

*James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296 (E.D.N.Y. 2012) ...................................12

*John Alden Life Ins. Co. v. Cavendes*, 591 F.Supp. 362 (S.D. Fla. 1984) ...................................21

Lee v. Bd. of Governors of the Fed. Reserve Sys., 118 F.3d 905 (2d Cir. 1997)...........................5

Life Indus. Corp. v. Ocean Bio-Chem, Inc., 827 F. Supp. 926 (E.D.N.Y. 1993).........................15

Lopez v. Gap, Inc., 883 F. Supp. 2d 400 (S.D.N.Y. 2012)............................................................15

Merck & Co., Inc. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402 (S.D.N.Y.
   2006) ...................................................................................................................................4

Nat'l Lighting Co. v. Bridge Metal Indus., L.L.C., 601 F.Supp.2d 556 (S.D.N.Y. 2009) .............7

Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., No. 07 Civ.
   6959(DAB), 2009 WL 4857605 (S.D.N.Y. Dec. 14, 2009) ....................................................17

Nordco, A.S. v. Ledes, No. 95 CIV. 7753(RJW), 1999 WL 1243883 (S.D.N.Y. Dec. 21,
   1999) ...................................................................................................................................10

P. Daussa Corp. v. Sutton Cosmetics (P. R.), Inc., 462 F.2d 134 (2d Cir. 1972)...........................8

Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67 (2d Cir. 1998) .............................................3

Parker Waichman LLP v. Gilman Law LLP, No. 12–CV–4784(JS)(AKT), 2013 WL
   3863928 (E.D.N.Y. July 24, 2013) .............................................................................3, 6, 7, 8

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001)............................6

Patrizzi v. Bourne In Time, Inc., No. 11 Civ. 2386(PAE), 2013 WL 3975948 (S.D.N.Y.
   Aug. 5, 2013) ..........................................................................................................................8

Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 887 F. Supp. 2d 519 (S.D.N.Y.
   2012) ...................................................................................................................................16

Pfizer, Inc. v. Y2K Shipping & Trading, Inc., 00 CV 5304(SJ), 2004 WL 896952
   (E.D.N.Y. Mar. 26, 2004) .....................................................................................................14

Quinn v. Walgreen Co., 12 CV 8187 VB, 2013 WL 4007568 (S.D.N.Y. Aug. 7, 2013).............19

Salt Optics, Inc. v. Jand, Inc., No. SACV 10-0828 DOC (RNBx), 2010 WL 4961702
   (C.D. Cal. Nov. 19, 2010).......................................................................................................7

Shevy Custom Wigs, Inc. v. Aggie Wigs, No. 06 CV 1657(JG), 2006 WL 3335008
   (E.D.N.Y. Nov. 17, 2006).......................................................................................................7

Site Pro-1, Inc. v. Better Metal, LLC, 506 F. Supp. 2d 123 (E.D.N.Y. 2007) ..............................4

# TABLE OF AUTHORITIES
(Continued)

Sports Traveler, Inc. v. Advance Magazine Publishers, Inc., No. 96 Civ 5150 (JFK), 1997 WL 137443 (S.D.N.Y. Mar. 24, 1997) ..........................................................17

Tasini v. New York Times Co., Inc., 184 F. Supp. 2d 350 (S.D.N.Y. 2002) .........................18, 19

Yurman Design Inc. v. Chaindom Enterprises, Inc., No. 99 Civ. 9307(JFK), 2000 WL 897141 (S.D.N.Y. July 5, 2000) ..........................................................19, 20

## STATUTES AND RULES

28 U.S.C. § 2201 ..........................................................22

Fed. R. Civ. P. 12(b)(1) ..........................................................2, 20

Fed. R. Civ. P. 8 ..........................................................2

Fed. R. Civ. P. 12(b)(6) ..........................................................2, 6

Fed. R. Civ. P. 12(c) ..........................................................6

Fed. R. Civ. P. 13(a) ..........................................................passim

Lanham Act § 43(a)(1)(A) ..........................................................8

N.Y. Gen. Bus. Law § 133 ..........................................................12, 13

N.Y. Gen. Bus. Law § 349 ..........................................................12, 16, 17, 18

N.Y. Gen. Bus. Law § 350 ..........................................................12, 16, 17, 18

N.Y. Gen. Bus. Law § 360 ..........................................................13

N.Y. Gen. Bus. Law § 360-l ..........................................................12, 13

## PRELIMINARY STATEMENT

Defendants Fareportal, Inc. and WK Travel, Inc. (collectively, "Fareportal"), by and through their undersigned attorneys, move to dismiss the entire Complaint of Plaintiff LBF Travel, Inc. ("LBF"), dated December 27, 2013.  Pursuant to this Court's Individual Rules of Practice, a copy of LBF's Complaint accompanies this Motion to Dismiss as Exhibit A.

In filing its Complaint, LBF attempts to open a new front in the dispute between it and Fareportal.  Previously, Fareportal filed an action against LBF and another company for trademark infringement.  See Complaint, Fareportal, Inc., et al. v. LBF Travel, Inc., et al., No. 13-CV-2412 (RWS) (S.D.N.Y. April 11, 2013), ECF Nos. 1-1–1-6.  In that Complaint, Fareportal alleged that LBF committed trademark infringement by purchasing Fareportal's trademarks as internet search engine keywords and then displaying those trademarks in Display URLs within LBF's search results advertising text, thus causing initial interest confusion.  Fareportal also alleged that LBF mimicked the distinctive, nonfunctional elements of Fareportal's website trade dress.  See id. ¶¶ 5, 52, 64–95.  Now, in an ironic twist, LBF has filed a Complaint for trademark and trade dress infringement against Fareportal, and in so doing, has copied and pasted into its Complaint large portions of Fareportal's Complaint against it.

The copying notwithstanding, LBF's trademark infringement claims should be dismissed because they fail to allege facts sufficient to support a valid claim.  LBF's trade dress infringement claims should be dismissed because they fail to state a valid claim and, in any event, they are compulsory counterclaims in Fareportal's pending action.  The claims for declaratory judgment should be dismissed because LBF lacks standing to bring those claims and also because they are compulsory counterclaims in the pending action.

## **ARGUMENT**

LBF's trademark infringement claims are based on Fareportal's internet search keyword purchasing, and they all fail to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. LBF does not allege any use of the trademarks in commerce as the term "use in commerce" has been defined in the Second Circuit. Further, LBF's website trade dress infringement claims all fail to state a claim because LBF makes only conclusory allegations that fall far short of satisfying the pleading requirements for such claims, and because LBF fails to show its use of the allegedly infringed design elements before Fareportal's prior use of those same elements. Every one of LBF's state law claims, whether based on trademark infringement or trade dress infringement, should all be dismissed on the same basis as the federal claims and for additional reasons set forth herein. Moreover, all of LBF's claims of trade dress infringement and claims for declaratory judgment also merit dismissal under Rule 13(a) as compulsory counterclaims in the pending action. As an additional threshold matter, pursuant to Rule 12(b)(1), LBF lacks standing to assert its declaratory judgment claims.

When determining the sufficiency of a complaint under Rule 8 of the Federal Rules of Civil Procedure, the court must determine whether or not the factual allegations in a complaint suffice to move the claims "across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S. Ct. 1937, 1951 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted). A complaint must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged]." Id. at 556, 127 S. Ct. at 1965. In considering a motion to dismiss under Rule 12(b)(6), "the Court is confined to 'the allegations contained

within the four corners of [the] complaint.'"  Parker Waichman LLP v. Gilman Law LLP, No.

12–CV–4784(JS)(AKT), 2013 WL 3863928, at *3 (E.D.N.Y. July 24, 2013) (quoting Pani v.

Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998)).  As set forth herein, LBF's

claims fail to achieve plausibility and thus must be dismissed.

## I.    LBF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT A TRADEMARK INFRINGEMENT CLAIM.

LBF in Counts I–II claims that Fareportal is making infringing use of trademarks owned

by LBF and third parties by virtue of purchasing internet search keywords through the Google

AdWords program and similar programs at Yahoo! and Bing.  LBF fails to allege a valid cause

of action, and these counts should be dismissed.

LBF alleges that Fareportal is making infringing use of LBF's trademarks by "purchasing

some or all of LBF's Marks as well as close variations thereof as advertising keywords on the

Google.com, Yahoo.com, Bing.com, and other search engines."  (Pl.'s Compl. ¶ 63.)

Additionally, LBF alleges that Fareportal is also "bidding on trademarks and brands of other

online travel companies" unaffiliated with LBF.  (Id. ¶ 69.)  These alleged actions of internet

keyword use are the sole basis of the trademark infringement claims.  LBF asserts that through

these actions, Fareportal has created confusion and "initial interest confusion" as to the source of

LBF's services, and has attempted to "palm off" Fareportal's goods as LBF's, and is thus liable

for trademark infringement.  (See id. ¶¶ 97, 110.)  On the basis of those alleged actions, LBF

concludes that Fareportal has violated federal and state trademark and unfair competition law.

(See id. ¶ 64.)

These allegations do not suffice to allege a cause of action for trademark infringement.  If

Party A purchases Party B's trademark as an internet search engine keyword, and/or uses it in

metatags, to bring about certain results to search engine queries, and if Party A never actually

displays Party B's trademark to consumers' eyes, then Party A's actions do not constitute use of a trademark in commerce under the Lanham Act, and thus cannot alone give rise to trademark infringement claims by Party B. Site Pro-1, Inc. v. Better Metal, LLC, 506 F. Supp. 2d 123, 124-25 (E.D.N.Y. 2007) (granting defendant's motion to dismiss); Merck & Co., Inc. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402, 415 (S.D.N.Y. 2006) (holding that trademark infringement "claim should be dismissed as a matter of law because purchasing [a mark] as a keyword on Internet search engines does not constitute a trademark 'use'"); FragranceNet.com, Inc. v. FragranceX.com, Inc., 493 F. Supp. 2d 545, 550–54 (E.D.N.Y. 2007) (denying plaintiff's motion to amend the complaint "as futile"). Such "strictly internal" use, which is "not communicated to the public," also cannot give rise to claims of "passing off." FragranceNet.com, 493 F. Supp. 2d at 550 (citing 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400 (2d Cir. 2005)). Because such use does not constitute use of a trademark in commerce under the Lanham Act, it also cannot give rise to claims of "initial source confusion." Site Pro-1, 506 F. Supp. 2d at 127–28.

LBF has argued as much in the pending action against it: "bidding on a competitor's keywords, where the trademark is not displayed to the public, does not constitute use of a trademark." Defendant LBF Travel's Memorandum of Law in Opposition to Plaintiffs' Motion For An Order Holding Defendant LBF Travel, Inc. And Its Officer Michael Thomas In Contempt at 7-8, Fareportal, Inc., et al. v. LBF Travel, Inc., et al., No. 13-CV-2412 (RWS) (S.D.N.Y. Oct. 31, 2013), ECF No. 48 (citing 1-800 Contacts, 414 F.3d at 409).

LBF's allegations plainly fail to satisfy the requirements set forth above for finding use in commerce, because they allege nothing more than use as internet search keywords. These allegations, even if true, simply cannot support a claim of trademark infringement.

Moreover, to the extent that LBF relies in any way on Fareportal's purchase as keywords of the trademarks of third parties (see, e.g., Paragraph 69 of LBF's Complaint), LBF lacks standing to raise claims of injury solely to third parties. See, e.g., Lee v. Bd. of Governors of the Fed. Reserve Sys., 118 F.3d 905, 912 (2d Cir. 1997) (to have standing, a plaintiff must demonstrate a "particularized injury"); see also infra Section IV(A).

## II.    LBF'S CLAIMS OF WEBSITE TRADE DRESS INFRINGEMENT SHOULD BE DISMISSED.

LBF in Counts I–II claims that Fareportal is infringing on website designs that are allegedly protectable as LBF trade dress. However, LBF's Complaint fails to state a valid claim for trade dress infringement. Further, LBF's trade dress infringement claims are compulsory counterclaims in Fareportal's prior action under Rule 13(a) of the Federal Rules of Civil Procedure. For these two independently sufficient reasons, LBF's trade dress infringement claims should be dismissed.

### A.    *LBF Fails To State Valid Claims For Website Trade Dress Infringement.*

LBF alleges that LBF "has established distinctive, nonfunctional design elements for their websites, which consumers have come to associate with Plaintiff's services," that Fareportal's website design "intentionally heightened the likelihood of confusion" through "intentional imitation" and a vague "cumulative lack of differentiation," and that "[t]he layout of the homepage . . . is substantially similar." (Pl.'s Compl. ¶¶ 75, 73, 77, 82.) LBF also provides a list of elements of LBF's website design, without any attempt to show how they are distinctive or to synthesize how they combine to create the website's protectable "look and feel." (See Pl.'s Compl. ¶¶ 80, 86.) These allegations fail to satisfy the requirements for pleading a claim for trade dress infringement.

In <u>Parker Waichman</u>, the plaintiff claimed website trade dress infringement under the Lanham Act, and the defendant moved for judgment on the pleadings under to Rule 12(c) of the Federal Rules of Civil Procedure. <u>Parker Waichman</u>, 2013 WL 3863928, at *1. The court observed that the plaintiff's theory "that a website's 'look and feel' can constitute a protectable trade dress" was "an issue of first impression in this Circuit." <u>Id.</u> at *4. The court also noted that "[t]he standard for deciding a motion pursuant to Rule 12(c) 'is identical to that of a Rule 12(b)(6) motion for failure to state a claim.'" <u>Id.</u> at *3. (quoting <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001)).

The <u>Parker Waichman</u> court set forth three things that a plaintiff must allege in a non-conclusory fashion to make a valid claim for trade dress infringement:

      (1) that "the trade dress is distinctive in that it identifies the source of the product";

      (2) that "there is a likelihood of confusion between the parties' goods"; and

      (3) that "the trade dress is not functional."

<u>Id.</u> at *4 (internal quotation marks omitted) (citations omitted). The court also added a fourth requirement: "to survive a motion to dismiss, a plaintiff must offer a precise expression of the character and scope of the claimed trade dress." <u>Id.</u> (citations omitted) (internal quotation marks omitted).

The <u>Parker Waichman</u> court found that the plaintiff had satisfied none of these four requirements. Regarding the first three requirements, the court found that the complaint's allegations that the plaintiff's trade dress "'serves to identify [Plaintiff]' and is 'widely recognized,' that it is 'distinctive' and 'not merely functional,' and that [the defendant's] similar website is 'likely to cause consumer confusion'" were all merely "conclusory and fail[ed] to plausibly suggest that the combination of blue headers, pause and forward buttons, and brightly

colored boxes are synonymous with Plaintiff's firm or would cause consumers" confusion. Id. (citations omitted).

Regarding the fourth requirement, the court stated that "a 'laundry list of the elements that constitute' a product's design is insufficient." Id. (quoting Nat'l Lighting Co. v. Bridge Metal Indus., L.L.C., 601 F.Supp.2d 556, 562 (S.D.N.Y. 2009). It held that "a general list of the elements of a product's design [i]s insufficient to survive a motion to dismiss because '[t]he issue is not just *which* features are distinctive, but also *how* they are distinctive.'" Id. (emphasis in original) (quoting Shevy Custom Wigs, Inc. v. Aggie Wigs, No. 06 CV 1657(JG), 2006 WL 3335008, at *5 (E.D.N.Y. Nov. 17, 2006)). The court held that "a mere cataloguing of a website's features does not give defendants adequate notice of a plaintiff's trade dress claim," and that "to survive a motion to dismiss, a complaint must synthesize how these features combine to create the website's protectable look and feel." Id. (quoting Salt Optics, Inc. v. Jand, Inc., No. SACV 10-0828 DOC (RNBx), 2010 WL 4961702, at *5 (C.D. Cal. Nov. 19, 2010)) (internal quotation marks omitted). The court found that the complaint failed the fourth requirement because it merely offered a partial list of the website features that the plaintiffs believed to constitute their trade dress and "ma[de] no attempt to synthesize those elements." Id.

Here, LBF's website trade dress infringement claim fails for the same reasons. Regarding the first and third requirements, LBF's Complaint alleges in merely conclusory fashion that LBF's website contains distinctive, nonfunctional design elements that consumers have come to associate with LBF's services. (Pl.'s Compl. ¶ 75.)[1] Regarding the second requirement, LBF's Complaint lists aspects of Fareportal's website and alleges again in merely

---

1. Moreover, it should be noted that LBF's conclusory assertion of distinctiveness is explicitly contradicted by the Answer that LBF filed in the prior action: "[LBF] developed all websites in good faith with reasonable belief that it was generic and use features seen on many websites in the industry." Answer to Complaint at 16, Fareportal, Inc., et al. v. LBF Travel, Inc., et al., No. 13-CV-2412 (RWS) (S.D.N.Y. May 13, 2013), ECF No. 5.

conclusory fashion that Fareportal's website design "intentionally heightened the likelihood of confusion" through "intentional imitation" and a vague "cumulative lack of differentiation," and that "[t]he layout of the homepage . . . is substantially similar." (Pl.'s Compl. ¶¶ 73, 77, 82, 83, 88.) Regarding the fourth requirement, LBF's Complaint provides a mere "laundry list" of elements of LBF's website design, without any attempt to show how they are distinctive or to synthesize how they combine to create the website's protectable look and feel. (See Pl.'s Compl. ¶¶ 80, 86.) LBF has satisfied none of the Parker Waichman requirements for stating a valid claim for website trade dress infringement.

Moreover, LBF fails to make a sufficient showing of priority with respect to the design elements that are the subject of its trade dress infringement allegations. It is axiomatic that in order to allege trade dress infringement, the complainant must be first in time in using the design elements of the trade dress at issue. LBF fails to allege that the website design elements of which it complains were actually used by LBF before Fareportal had started using them itself.

To successfully plead trademark or trade dress infringement under Section 43(a)(1)(A) of the Lanham Act, a plaintiff must, as a threshold matter, "demonstrate its own right to use the mark or dress in question," which entails "'show[ing] not only confusing similarity, but priority of right over [defendant] to the use of the [plaintiff's] mark.'" ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 154 (2d Cir. 2007) (quoting P. Daussa Corp. v. Sutton Cosmetics (P. R.), Inc., 462 F.2d 134, 136 (2d Cir. 1972)); see also Patrizzi v. Bourne In Time, Inc., No. 11 Civ. 2386(PAE), 2013 WL 3975948, at *4 (S.D.N.Y. Aug. 5, 2013); California Apparel Creators v. Wieder of Cal., 162 F.2d 893, 899 (2d Cir. 1947) (noting district court's finding "that plaintiff had not established its use of the name prior to defendant's").

Here, LBF's Complaint makes no clear showing of priority of use of the website design elements at issue. Instead, LBF merely offers the conclusory allegation that Fareportal "adopted the distinctive nonfunctional design elements of [LBF's] websites for [Fareportal's] competing web-based travel websites in bad faith, with full knowledge of the existence and success of [LBF's] websites, in order to heighten consumer confusion as to the source of the online travel services." (Pl.'s Compl. ¶ 76.) This statement fails to satisfy LBF's "obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' [which] requires more than labels and conclusions." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (citations omitted). LBF's merely conclusory assertion of priority is even less plausible in light of the fact that Fareportal had previously accused LBF of the very same acts of infringement that LBF now turns upon Fareportal without any explanation.

In light of the foregoing, LBF's trade dress infringement claims should be dismissed.

**B.** ***LBF's Website Trade Dress Infringement Claims Are Compulsory Counterclaims in Fareportal's Prior Action And Thus Should Be Dismissed.***

Even assuming arguendo that LBF has stated valid claims for trade dress infringement, those claims should still be dismissed as compulsory counterclaims in the pending action.

Rule 13(a) of the Federal Rules of Civil Procedure requires that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party" if that claim meets two criteria: (i) it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"; and (ii) it "does not require adding another party over whom the court cannot acquire jurisdiction." Courts will find a claim is compulsory when "a *logical relationship* exists between the claim and the counterclaim and [if] the *essential facts of the claims are so logically connected* that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Critical-Vac Filtration Corp. v. Minuteman

Int'l, Inc., 233 F.3d 697, 699 (2d Cir. 2000) (emphasis in original) (citations omitted) (internal quotation marks omitted). See also Nordco, A.S. v. Ledes, No. 95 CIV. 7753(RJW), 1999 WL 1243883, at *5 (S.D.N.Y. Dec. 21, 1999) ("The Second Circuit . . . has stated that the 'transaction or occurrence' language of Rule 13(a) requires 'not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them.'"). Further, "[i]f a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit" and is subject to dismissal in that lawsuit. Ginther v. Provident Life & Cas. Ins. Co., 350 F. App'x 494, 496 (2d Cir. 2009) (quoting Critical-Vac, 233 F.3d at 699) (internal quotation marks omitted).

Here, the facts, allegations, and even the language of LBF's website trade dress infringement claims have a strong logical relationship to Fareportal's website trade dress infringement claims in the prior action. LBF's Complaint alleges that Fareportal has "intentionally heightened the likelihood of confusion among consumers . . . by imitating nonfunctional design elements unique to Plaintiffs' websites." (Pl.'s Compl. ¶ 73.) This allegation is false—and in fact, the exact inverse is true. As set forth in Fareportal's Complaint on April 11, 2013, LBF has engaged in substantially the same website imitation of which it now accuses Fareportal. Complaint at ¶¶ 64–95, Fareportal, Inc., et al. v. LBF Travel, Inc., et al., No. 13-CV-2412 (RWS) (S.D.N.Y. Apr. 11, 2013), ECF No. 1-2. The website trade dress infringement allegations in LBF's Complaint—including both the language in the Complaint and the website design elements it cites—are substantially identical to language and design elements that previously appeared in the trade dress allegations in Fareportal's Complaint. A side-by-side comparison of LBF's Complaint (at ¶¶ 73–89) and Fareportal's prior Complaint (at ¶¶ 64–95)

reveals the significant extent of LBF's copying.[2]  Thus, LBF has imitated both Fareportal's website trade dress and the language Fareportal previously used to describe LBF's infringing acts.

In light of this copying, LBF's website trade dress infringement claims could hardly have a stronger logical and factual relationship with Fareportal's claims.  Moreover, LBF's claims do not require adding any other parties.  Therefore, LBF's website trade dress infringement claims are compulsory counterclaims under Rule 13(a) and available only in the pending action, and thus should be dismissed.

III.  **ALL OF LBF'S COMMON LAW AND STATE STATUTORY LAW CLAIMS SHOULD BE DISMISSED.**

LBF's Complaint recites several common law claims and state statutory law claims, all of which should be dismissed.  As set forth in Counts III through IX of LBF's Complaint, these claims are predicated upon LBF's allegations of trademark infringement through search engine keyword use.  Some of these Counts are also predicated upon LBF's allegations of website trade dress infringement.  In addition to these two infringement allegations, the section of LBF's Complaint titled "Violations of Consumer Protection Statutes" features one sentence that ends with the additional allegation that Fareportal "injured the New York consumer public . . . by advertising nonexistent deals and misleading prices."  (Pl.'s Compl. ¶ 91.)  This vague allegation receives no further elaboration, nor is it mentioned anywhere else in the Complaint, including in the individual Counts.  This allegation is thus plainly insufficient to state a valid claim related to such alleged conduct.  See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949–50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

2.  See especially LBF's Complaint at ¶¶ 71, 74, 77, and 92.

suffice. [. . .] [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"); see also James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) ("Plaintiff has done little more than assert, in vague and conclusory manner, his entitlement to overtime compensation under the FLSA and NYLL, and this is insufficient to withstand a motion to dismiss."); In re Citigroup Inc. Sec. Litig., No. 09 MD 2070(SHS), 2013 WL 6569875, at *5 (S.D.N.Y. Dec. 13, 2013) ("This single sentence simply does not provide sufficient factual content to support a reasonable inference that Odom purchased Citigroup stock during the relevant period."); Biswas v. City of New York, No. 12 Civ. 3607(JGK), 2013 WL 5421678, at *25 (S.D.N.Y. Sept. 30, 2013) (merely "general" and "conclusory allegations are insufficient to overcome a motion to dismiss"). Thus, the conclusory, unexplained allegation at the end of Paragraph 91 of the Complaint cannot lend strength to any of the Counts in the Complaint.

A. *Counts III Through IX of LBF's Complaint Should Be Dismissed Because of LBF's Failure to Plead Facts Sufficient to Show Infringing Trademark Use Under The Lanham Act.*

In Counts III through IX, LBF brings claims based on state unfair competition, state unfair business practice, unjust enrichment, and New York General Business Law §§ 133, 349, 350, and 360-l, respectively. (Pl.'s Compl. ¶¶ 109–46.) All these claims are based on Fareportal's alleged infringement of LBF's trademarks through search engine keyword use.[3] These common law and state statutory law claims must be dismissed along with the federal trademark infringement claims. See supra Section I.

---

3. Some of these Counts are also expressly based in part on LBF's website trade dress infringement allegations, as discussed infra at Section III(B).

In <u>FragranceNet</u>, the plaintiff's claims featured federal law claims as well as claims of common law trademark infringement, violations of New York General Business Law § 133, state law dilution in violation of New York General Business Law § 360-l, injury to business reputation, common law unfair competition and misappropriation, common law passing off, and unjust enrichment, all arising "from the alleged use of plaintiff's trademark by defendant as a keyword in search engines that triggers a 'Sponsored Link' and as a website metatag." <u>FragranceNet</u>, 493 F. Supp. 2d at 547. The court dismissed all these claims because "the 'use' requirement applies to all of plaintiff's claims, including the claims asserted under New York law." <u>Id.</u> at 548 n.4. Regarding § 360-l, the court found that "[i]nfringement of a mark under state law requires use of the trademark, and the definition of 'use' under . . . § 360 mirrors the definition of 'use' in the Lanham Act." <u>Id.</u> The court also stated that "N.Y. Gen. Bus. Law § 133 explicitly requires use." <u>Id.</u> Since the court found that internet keyword use did not constitute use for purposes of trademark infringement under the Lanham Act, the court concluded that all the state claims relating to trademark use were "similarly futile." <u>Id.</u> <u>See also</u> <u>Info. Superhighway, Inc. v. Talk Am., Inc.</u>, 395 F. Supp. 2d 44, 56 (S.D.N.Y. 2005) ("The elements necessary to prevail on common law causes of action for trademark infringement and unfair competition mirror Lanham Act claims."); <u>see also</u> <u>Gottlieb Dev. LLC v. Paramount Pictures Corp.</u>, 590 F. Supp. 2d 625, 637 (S.D.N.Y. 2008).

In the present action, all of LBF's common law and state statutory law claims are based on alleged trademark infringement through internet keyword use, which is insufficient to constitute use in commerce for purposes of trademark infringement under the Lanham Act.[4] <u>See</u>

---

4. Furthermore, as explained <u>supra</u> at Section III, the one-sentence allegation of "advertising nonexistent deals and misleading prices," mentioned nowhere else in the Complaint, is too spare and vague to be plausible, and thus cannot lend strength to any of the Counts in the Complaint. (Pl.'s Compl. ¶ 91.)

supra Section I.  Thus, all of LBF's common law and state statutory law claims fail together with LBF's federal trademark infringement claims.  In light of the foregoing, and because of the reasons discussed infra in Section III(B), Counts III through IX must be dismissed.

**B.**    ***Counts III, VIII, and IX of LBF's Complaint Should Be Dismissed Because LBF Fails To State Valid Trade Dress Infringement Claims And Because These Claims Are Compulsory Counterclaims In The Prior Action.***

In three of the common law Counts, LBF indicates that they are based in part on Fareportal's alleged acts of website trade dress infringement.  These are Counts III, VIII, and IX—for state unfair competition, state unfair business practice, and unjust enrichment, respectively.  (Pl.'s Compl. ¶¶ 109–15, 139–43, 144–46.)  As set forth supra in Section II(A), LBF fails to state valid claims for website trade dress infringement under the Lanham Act.  As set forth supra in Section III(A), "[t]he elements necessary to prevail on common law causes of action for trademark infringement and unfair competition mirror Lanham Act claims," so LBF's failure to state valid trade dress infringement claims under the Lanham Act means its state law claims based on trade dress infringement must fail as well.  Info. Superhighway, 395 F. Supp. 2d at 56; see also Arnold v. ABC, Inc., No. 06 Civ. 1747(GBD), 2007 WL 210330, at *4 (S.D.N.Y. Jan. 29, 2007) ("A claim of unfair competition under New York Law is analyzed in the same manner as a trademark infringement claim under the Lanham Act."); Pfizer, Inc. v. Y2K Shipping & Trading, Inc., 00 CV 5304(SJ), 2004 WL 896952, at *7 (E.D.N.Y. Mar. 26, 2004) ("The same analysis is used for common law trademark infringement and unfair competition cases as is used under federal law."); Eyal R.D. Corp. v. Jewelex New York Ltd., 784 F. Supp. 2d 441, 448 n.2 (S.D.N.Y. 2011) ("The analysis for trade dress infringement, under both the Lanham Act and New York State common law, is the same.").

Further, "to succeed on the merits of a common law claim of unfair competition, [a plaintiff] must couple its evidence supporting liability under the Lanham Act with additional

evidence demonstrating [the defendant's] bad faith." Id. (citations omitted) (internal quotation marks omitted); see also Lopez v. Gap, Inc., 883 F. Supp. 2d 400, 430–31 (S.D.N.Y. 2012). LBF has presented no such evidence demonstrating bad faith on the part of Fareportal; LBF offers no more than a single conclusory assertion of bad faith that receives no elaboration or substantiation. (Pl.'s Compl. ¶ 76.)

Moreover, LBF cannot assert a valid common law claim for unjust enrichment on the basis of its trade dress infringement allegations for the reasons discussed above and for the additional reasons that follow. To assert a claim for unjust enrichment, a "plaintiff must show that, were it not for defendant's infringement, the defendant's sales would otherwise have gone to the plaintiff" and ordinarily "must produce evidence which indicates that its own sales were diverted as a result of the infringement." Life Indus. Corp. v. Ocean Bio-Chem, Inc., 827 F. Supp. 926, 933 (E.D.N.Y. 1993), amended on reconsideration sub nom. Life Indus. Corp. v. Star Brite Distrib., Inc., 832 F. Supp. 54 (E.D.N.Y. 1993). LBF has not plausibly made any such showings and has produced no evidence of actual diversion of sales. Additionally, since LBF "has presented no evidence of any injury resulting from [Fareportal's] [alleged] actions" relating to website trade dress and has failed to plausibly show any willful trade dress infringement, LBF "is not entitled to any damages" under the theory of unjust enrichment for the alleged trade dress infringement. Info. Superhighway, 395 F. Supp. 2d at 57.[5]

Furthermore, as set forth supra in Section II(B), all of LBF's website trade dress infringement claims are compulsory counterclaims in Fareportal's prior action, and this provides an independently sufficient reason that they must be dismissed.

---

5. Furthermore, as explained supra in Section III, the one-sentence allegation of "advertising nonexistent deals and misleading prices," mentioned nowhere else in the Complaint, is too spare and vague to be plausible, and thus cannot lend strength to any of the Counts in the Complaint. (Pl.'s Compl. ¶ 91.)

In light of the foregoing, and because of the reasons discussed <u>supra</u> in Section III(A), Counts III, VIII, and IX must be dismissed.[6]

C.    ***Counts VI and VII of LBF's Complaint Should Be Dismissed Because LBF Fails to Plead Facts Sufficient to Support These Claims.***

Counts VI and VII of LBF's Complaint allege violations of New York General Business Law § 349 ("deceptive acts or practices") and § 350 ("false advertising").  (Pl.'s Compl. ¶¶ 128–38.)  These two Counts should be dismissed for the reasons set forth <u>supra</u> in Sections I and III(A).  Further, these two Counts are misplaced in the present intellectual property dispute, and this provides sufficient independent grounds for their dismissal.  The Southern District has held that

> [t]he goals of GBL §§ 349–350 were major assaults upon fraud against consumers, particularly the disadvantaged . . . not adventitious intervention in commercial or trade identification cases brought by one business against another.  Accordingly, [c]ourts routinely reject such attempts to fashion Section 349 and 350 claims from garden variety disputes between competitors.  Thus, where . . . [t]he gravamen of plaintiff's complaint is alleged harm to its business interests[, and] not a cognizable harm to the public interest, no § 350 claim will lie.  [. . .]  Moreover, courts have held that trademark cases fall outside the scope of [ ] New York's consumer protection statute, reasoning that the public harm that results from trademark infringement is too insubstantial to satisfy the pleading requirements of § 349[,] a closely analogous provision [to § 350].

<u>Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.</u>, 887 F. Supp. 2d 519, 542 (S.D.N.Y. 2012) (citations omitted) (internal quotation marks omitted) (dismissing plaintiff's § 350 claim for lack of "evidence that the public interest was harmed" by the alleged infringer's use of the ® symbol

---

6.  To the extent that LBF may argue that any of the other Counts *not* mentioning allegations of website trade dress infringement are nonetheless based in part on such allegations, then any trade dress infringement claims within those Counts, too, should be dismissed because they fail to state a valid claim for trade dress infringement and because they are compulsory counterclaims in the prior action, as set forth <u>supra</u> in Sections II(A)–(B), and also for the reasons set forth in Section III(B).

after its registration had lapsed).  In another case, the Southern District said "the majority view in this Circuit is 'that trademark or trade dress infringement claims are not cognizable under [§§ 349 and 350 . . .] unless there is a specific and substantial injury to the public interest *over and above ordinary trademark infringement* or dilution'" and further noted that consumer confusion alone cannot constitute harm to the public interest.  Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., No. 07 Civ. 6959(DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009) (emphasis in original) (citations omitted) (dismissing for failure to state a claim).  In a third case, the Southern District dismissed a § 349 claim because the infringement allegations failed to "support[] an inference that the public's health or safety is at stake."  Sports Traveler, Inc. v. Advance Magazine Publishers, Inc., No. 96 Civ. 5150 (JFK), 1997 WL 137443, at *3–*4 (S.D.N.Y. Mar. 24, 1997).

Here, Count VI of LBF's Complaint alleges that Fareportal has "violated NY GBL § 349 by willfully using LBF's Marks, trade names, and close variations thereof without [LBF's] consent" and that "[t]hese actions have caused injury to [LBF] as well as to the New York consumer public."  (Pl.'s Compl. ¶ 130.)  Count VII of the Complaint uses nearly identical language to assert a violation of § 350.  (See Pl.'s Compl. ¶ 135.)  The allegations in these two Counts do not indicate any risk to the public's health or safety or any harm to the public interest as required to state a valid claim under § 349 or § 350.  Furthermore, as explained supra in Section III, the Complaint's one-sentence allegation of "advertising nonexistent deals and misleading prices," mentioned nowhere but Paragraph 91 of the Complaint, is too spare and vague to be plausible, and thus cannot lend strength to Counts VI and VII.  (Pl.'s Compl. ¶ 91.)

In light of the foregoing, Counts VI and VII should be dismissed for failure to state a claim.[7]

Moreover, even if Counts VI and VII are not dismissed on these grounds, they should be dismissed because LBF's trademark infringement allegations fail to state facts showing use in commerce, and thus fail to state a claim. See supra at Sections I and III(A).

## IV.    LBF'S DECLARATORY JUDGMENT CLAIMS SHOULD BE DISMISSED.

LBF's Complaint includes claims for declaratory judgment of the invalidity, unenforceability, and cancellation of Fareportal's trademark registrations. LBF has not met its burden to demonstrate its standing to bring these claims. Further, these claims are compulsory counterclaims in Fareportal's prior action. For these two independently sufficient reasons, those claims should be dismissed.

### A.    *LBF Has Failed To Establish Its Standing To Bring Its Declaratory Judgment Claims, Which Should Thus Be Dismissed For Lack Of Subject-Matter Jurisdiction.*

The Second Circuit has said that "when a plaintiff lacks standing the court must dismiss the case on that ground." Matter of Appointment of Indep. Counsel, 766 F.2d 70, 75 (2d Cir. 1985). "The burden of establishing standing falls squarely on [t]he party invoking jurisdiction." Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch, No. 12 Civ. 9351(JPO), 2013 WL 3762882, at *1 (S.D.N.Y. July 18, 2013), appeal dismissed (Sept. 16, 2013) (citations omitted) (internal quotation marks omitted) (granting motion to dismiss). "[S]tanding cannot be inferred argumentatively from averments in the pleadings." Tasini v. New York Times Co., Inc.,

---

7.  To the extent that LBF may argue that Counts VI and VII, which do *not* mention allegations of website trade dress infringement, are nonetheless based in part on such allegations, then any trade dress infringement claims within those Counts, too, should be dismissed (i) because they fail to state a valid claim for trade dress infringement and they are compulsory counterclaims in the prior action, as set forth supra in Sections II(A)–(B); (ii) for the reasons set forth supra in Section III(B); and (iii) because they do not indicate any risk to the public's health or safety or any harm to the public interest as required to state a valid claim under § 349 or § 350, as set forth in Section III(C).

184 F. Supp. 2d 350, 355 (S.D.N.Y. 2002) (citations omitted) (internal quotation marks omitted).

A plaintiff "cannot establish standing simply by resting on conclusory allegations in the complaint," but rather, "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." Id.

When subject-matter jurisdiction is raised as an issue, "plaintiff bears the burden of establishing that subject matter jurisdiction exists by a preponderance of the evidence," and the Court should "take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it. The court may also refer to evidence outside the pleadings." Quinn v. Walgreen Co., 12 CV 8187 VB, 2013 WL 4007568, at *4 (S.D.N.Y. Aug. 7, 2013) (citations omitted) (internal quotation marks omitted).

To establish the required standing to seek the cancellation of a trademark registration in the Southern District, a party must show a real basis for its personalized damage:

> Under the Lanham Act, a party must have the requisite standing to petition for the cancellation of a registered trademark. The petitioner must be one who believes that he is or will be damaged by the registration of a mark on the principal registry. [. . .] [A] petitioner for cancellation must show a real and rational basis for his belief that he would be damaged by the registration sought to be canceled, stemming from an actual commercial or pecuniary interest in his own mark.

Yurman Design Inc. v. Chaindom Enterprises, Inc., No. 99 Civ. 9307(JFK), 2000 WL 897141, at *4 (S.D.N.Y. July 5, 2000) (citations omitted) (internal quotation marks omitted) (granting motion to dismiss cancellation claim for lack of standing).

Here, the Complaint's assertions that LBF is damaged by Fareportal's trademark registrations are merely conclusory. (See Pl.'s Compl. ¶¶ 59, 61, 156, 161, 166.) These assertions fail to affirmatively and clearly demonstrate how LBF is harmed by the existence of

Fareportal's registrations. The Complaint fails to "show a real and rational basis for [LBF's] belief that [it] would be damaged by the registration[s] sought to be canceled, stemming from an actual commercial or pecuniary interest in [its] own mark." Chaindom, 2000 WL 897141, at *4. Therefore, the Complaint fails to satisfy the requirements for establishing standing to seek a trademark cancellation. Thus, LBF lacks standing to pursue its declaratory judgment claims, which should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

> **B.** *LBF's Declaratory Judgment Claims Are Compulsory Counterclaims in Fareportal's Prior Action And Thus Should Be Dismissed.*

Even assuming arguendo that LBF has met its burden for establishing its standing to bring its declaratory judgment claims, those claims should be dismissed as compulsory counterclaims in Fareportal's prior action.

The Second Circuit's "logical relationship" test for finding compulsory counterclaims under Rule 13(a) has already been set forth supra in Section II(B). See, e.g., Critical-Vac, 233 F.3d at 699. Courts applying this test in the context of intellectual property litigation have confirmed that such a "logical relationship" exists between infringement claims and invalidity claims. The Second Circuit has held that in "[a]ntitrust counterclaims related to patent *validity . . .,* the determination of validity bears directly on the issue of infringement, thus suggesting that the two claims should be litigated in tandem," and therefore "antitrust claims that raise the issue of patent validity" are "logically connected to the issue of patent infringement" for purposes of Rule 13(a). Id. at 703–04 (emphasis in original) (citations omitted) (internal quotation marks omitted) (affirming dismissal of claims as compulsory counterclaims). See also Avante Intern. Technology, Inc. v. Hart Intercivic, Inc., Civil No. 08–832–GPM, 2009 WL 2431993, at *5 (S.D. Ill. July 31, 2009) (finding "there is little serious question" about the logical relatedness

between a "request for a judicial declaration of invalidity, unenforceability, and non-infringement" of a patent and an adversary's separate "suit for infringement of that patent," and thus granting motion to dismiss claim as compulsory counterclaim with leave to re-file in prior action).

Additionally, at least one court applying Rule 13(a) has held that where the substance of a claim is also already pending in a prior action in the form of an affirmative defense, that claim is a compulsory counterclaim subject to dismissal in the subsequent action, as "[a] contrary decision . . . would allow . . . piecemeal litigation contraven[ing] the purposes of Rule 13(a)." Blue Cross and Blue Shield of Ala. v. Hobbs, 209 F.R.D. 218, 221 (M.D. Ala. 2002) (citing John Alden Life Ins. Co. v. Cavendes, 591 F.Supp. 362, 366 (S.D. Fla. 1984)) (granting motion to dismiss claim as compulsory counterclaim).

Here, Fareportal filed a Complaint claiming that LBF was infringing certain Fareportal trademarks. LBF's Answer to that Complaint included the affirmative defense that "Plaintiffs' trademark registrations are invalid." Answer to Complaint at 15, Fareportal, Inc., et al. v. LBF Travel, Inc., et al., No. 13-CV-2412 (RWS) (S.D.N.Y. May 13, 2013), ECF No. 5. This assertion of invalidity resurfaced months later when LBF filed a Complaint against Fareportal seeking a declaratory judgment deeming invalid, unenforceable, and cancellable the same Fareportal marks that had been the subject of Fareportal's infringement suit against LBF. (Pl.'s Compl. ¶ 61.) Therefore, LBF's declaratory judgment claims and the facts of those claims are logically related to the infringement claims in Fareportal's prior Complaint concerning the same marks.

Two additional facts reinforce this logical relatedness. First, LBF's Complaint itself reflects and even acknowledges the logical relatedness between LBF's declaratory judgment

claims and Fareportal's infringement claims. Within a section titled "Defendants' Trademark Registrations Were Improperly Issued," LBF's Complaint actually mentions the trademark infringement claims that Fareportal previously filed against LBF. (Pl.'s Compl. ¶ 60.) Further, LBF's Complaint repeatedly acknowledges that LBF's declaratory judgment claims are of the same "case of actual controversy" as Fareportal's prior infringement suit: "[Fareportal's] initiation of the 2412 Matter created a case of actual controversy within the meaning of 28 U.S.C. §2201 et seq. thus warranting the declaratory relief sought by [LBF] in this matter." (Pl.'s Compl. ¶¶ 60, 148, 153, 158, 163.) Under these circumstances, it is difficult to imagine how LBF's declaratory judgment claims could be logically unrelated to Fareportal's trademark infringement claims.

Second, LBF's language setting forth the facts underlying its declaratory judgment claims is substantially copied from the Answer filed by Globester, LLC in the prior action, in response to Fareportal's Complaint. Answer, Affirmative Defenses and Counterclaims ¶¶ 198–217, Fareportal, Inc., et al. v. LBF Travel, Inc., et al., No. 13-CV-2412 (RWS) (S.D.N.Y. Oct. 18, 2013), ECF No. 46. In that Answer, Globester properly asserted its trademark invalidity claims in the form of *counterclaims* to Fareportal's Complaint. LBF substantially copied them, but instead of presenting them as counterclaims, asserted them in a separate complaint in a new lawsuit.

LBF's declaratory judgment claims pass the "logical relationship" test. Moreover, they do not require adding any other parties. Therefore, LBF's declaratory judgment claims are compulsory counterclaims under Rule 13(a) and are available only in the prior pending action. Thus they should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Fareportal respectfully requests that its Motion to Dismiss be

granted and that LBF's Complaint be dismissed in its entirety.

Dated: New York, New York
        February 21, 2014


McBREEN & KOPKO                          HUGHES HUBBARD & REED LLP

   Norman N. Bluth                  By:    /s/ Peter A. Sullivan      
   nbluth@mklawnyc.com                 Peter A. Sullivan
                                           sullivan@hugheshubbard.com
   500 North Broadway, Suite 129       Beatrice Hamza Bassey
   Jericho, New York 11753             bassey@hugheshubbard.com
   Telephone:  516-364-1095            Nathaniel L. Fintz
   Fax:  516-364-0612                  fintz@hugheshubbard.com

                                           One Battery Park Plaza
                                           New York, New York 10004-1482
                                           Telephone:  212-837-6000
                                           Fax:  212-422-4726

*Attorneys for defendants Fareportal, Inc. and WK Travel, Inc.*