IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBF TRAVEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAREPORTAL, INC. and WK TRAVEL, INC. <br><br> Defendants. | Case No. 13 Civ. 9143 (LAK) (GWG) |

## LBF TRAVEL, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(d), Plaintiff LBF Travel, Inc. ("LBF") objects, in part, to the Magistrate Judge's report and recommendations ("R&R") (Doc. 19) filed November 5, 2014. LBF does not object to the branches of the R&R recommending denial of Defendants' motion to dismiss LBF's First, Second, Third, Fourth, Fifth, and Ninth causes of action, which sound in trademark infringement under both federal and state law. (*See*, R&R at 9-18).

However, the Magistrate Judge erred in recommending that the Court partially grant Defendants' motion to dismiss (Doc. 15), by:

- Determining that LBF's trade dress claims were required to be brought as compulsory counterclaims in *Fareportal v. LBF Travel*, 13-cv-2412 (*see* R&R at 28);

- Determining that LBF had abandoned its declaratory judgment causes of action (*see* R&R at 29); and,

1

6430396v.1

- Disregarding LBF's allegations regarding Defendants' harmful consumer oriented conduct, and recommending dismissal of LBF's claims for deceptive business practices under N.Y. Gen. Bus. Law §§ 349, 350 (see R&R at 20-23).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *see also*, 28 U.S.C. § 636(b)(1)(C) ("[T]he court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The district judge may then "accept, reject, or modify [in whole or in part] the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## ARGUMENT

### I. LBF's Deceptive Business Practices Claims Properly Pled the Element of Public Injury

The R&R recommends dismissal of Counts VI and VII of the amended complaint, which sound in deceptive business practices and deceptive advertising pursuant to N.Y. Gen. Bus. Law §§ 349, 350. The Magistrate Judge's recommendation is based upon a finding that LBF's allegations "do not establish any significant harm to the public health or interest." (R&R at 21 (citation omitted)). However, the Magistrate Judge's findings on this point ignore LBF's allegations related to Defendants' harmful consumer directed activity that goes beyond mere trademark confusion.

As the R&R correctly states, "[t]o successfully assert a claim under General Business Law § 349 (h) or § 350, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result

2

of the allegedly deceptive act or practice.'" *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (quoting *City of N.Y. v. Smokes–Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009)). The R&R also correctly notes that, to survive dismissal, there must be "specific and substantial injury to the public interest over and above the ordinary trademark infringement ..." *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009) (emphasis omitted).

However, the Magistrate Judge errs by ignoring LBF's specific allegations regarding Defendants' injury to the public interest. The R&R incorrectly concludes that "[t]he crux of LBF's claims is that defendants' actions 'provide an unfair commercial and financial benefit to Defendants, have caused or threaten to cause injury to Plaintiff's good will and reputation, and unfairly divert customers and revenue from Plaintiff.'" (R&R at 23 (quoting Am. Compl. ¶¶ 153, 159)). In actuality, LBF's claims against Defendants go far beyond the mere diversion of LBF's customers. Rather, the amended complaint specifically notes that Defendants direct customers toward an alternative service that is both inferior and unscrupulous.

As the amended complaint sets forth, Defendants' competing services have drawn the ire of the Better Business Bureau. As quoted in the amended complaint, the Better Business Bureau summarizes as follows:

> Consumers have issued a range of complaints with the BBB against CheapOAir.com. Consumers report that upon finding the tickets they want to purchase and entering their billing information, they are informed that the flight is not available. According to complaints, CheapOAir.com then recommends more expensive flights. Consumers also allege difficulty in obtaining refunds. Some consumers who purchase flights on CheapOAir.com report that either all or a portion of their flights have not been confirmed with the airline resulting in flight cancellations. These consumers then have to pay a second time for their plane reservations.

3

(Am. Cmpl. ¶ 97). The amended complaint also references the dozens of complaints lodged against Defendants regarding Defendants' fraudulent and substandard business practices. (Am. Cmpl. ¶ 96).

Accordingly, the allegations of public injury in the amended complaint are not limited to consumer confusion. The amended complaint pleads facts tending to establish that, in addition to diverting customers away from LBF, Defendants' deceptive business practices directed consumers to a service with a reputation for engaging in bait-and-switch tactics and other unseemly practices. Accepting the allegations as true, as the Court must at this stage of the proceedings, these allegations are sufficient to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, LBF has properly stated claims for deceptive business practices and advertising under N.Y. Gen. Bus. Law §§ 349, 350. The R&R's recommendation that the Court dismiss Counts VI and VII of the amended complaint should therefore be rejected in its entirety.

## II. LBF's Trade Dress Infringement Claims Were Permissive Counterclaims in a Prior Action, and Therefore Can Be Asserted in this Action

The Magistrate Judge recommends that the Court dismiss LBF's trade dress infringement claims arising from Defendants' copying of significant elements of LBF's website. Notably, dismissal is not recommended on the merits. Rather, the R&R incorrectly concludes that "the website trade dress infringement claims must be dismissed because they were required to be brought as counterclaims in a prior action." (R&R at 24).

Counterclaims are only compulsory where they arise out of the same "transaction or occurrence as the opposing party's claim," and "are compulsory in the sense that if they are not raised, they are forfeited." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citing *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000);

*United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)). Here, however, LBF's claims against Defendants were not required to be brought as counterclaims in *Fareportal v. LBF Travel*, 13-cv-2412, because they arise from an entirely different set of transactions.

The claims currently pending in *Fareportal v. LBF Travel*, 13-cv-2412, involve an inquiry into facts to determine whether LBF has infringed upon Fareportal's website trade dress. By contrast, LBF's counterclaim would require an inquiry into the acts taken by Fareportal to misappropriate LBF's website trade dress. While the claims are similar, they each arise from separate and discreet acts of copying. Stated differently, the acts of copying to be pled and proven are entirely separate, and the counterclaims are therefore permissive. *See, e.g., Deere & Co. v. MTD Holdings, Inc.*, 2003 U.S. Dist. LEXIS 19161, *16-*17 (S.D.N.Y. Oct. 27, 2003). Accordingly, the R&R should be rejected on this point, and LBF's trade dress infringement claims should be allowed to proceed.

In the alternative, should the Court adopt the R&R, LBF requests that the final order expressly state that the dismissal is without prejudice so that LBF can pursue any available counterclaims in *Fareportal v. LBF Travel*, 13-cv-2412, via a motion to amend its answer. The R&R expressly countenances such a scenario saying, "nothing herein should be construed as opining as to the merits of any motion LBF may make to amend its answer in the other lawsuit to include a counterclaim for trade dress infringement." (R&R at 28n.4). LBF requests that any final order of dismissal reflect this intent.

### III. LBF Did Not Abandon Its Declaratory Judgment Causes of Action

The Magistrate Judge also recommends dismissal of LBF's declaratory judgment actions on the grounds that these causes of action are compulsory counterclaims, and because LBF abandoned these claims. The Magistrate Judge erred in concluding that LBF had abandoned its

declaratory judgment causes of action. LBF disputed, and continues to dispute, that its causes of action were compulsory counterclaims. LBF simply acknowledged that it would abide by the Court's determination on this point, saying "To the extent this Court believes that the cancellation claims are logically connected to the Fareportal Action and as such must be brought as compulsory counterclaims, LBF respectfully requests the Court's clarification of same and will proceed accordingly." (Pl. Mem. at 19-20). LBF merely reiterated its position that the claims were properly brought in the instant proceeding, while seeking the Court's guidance regarding the appropriate venue. Accordingly, LBF requests that the R&R's finding that LBF abandoned its declaratory judgment claims be rejected.

In the alternative, should the Court adopt the R&R, LBF requests that the final order expressly state that the dismissal is without prejudice so that LBF can pursue any available counterclaims in *Fareportal v. LBF Travel*, 13-cv-2412, via a motion to amend its answer.

## CONCLUSION

For the foregoing reasons, the Court should reject those portions of the Magistrate Judge's Report and Recommendation (Doc. 19) recommending dismissal of Plaintiff's causes of action for deceptive business practice, trade dress infringement, and declaratory judgment. Defendants' motion to dismiss should be denied in its entirety. In the alternative, Plaintiff requests that any final order dismissing its trade dress infringement cause of action and/or its declaratory judgment causes of action be marked "without prejudice" so that Plaintiff may pursue all available counterclaims in *Fareportal v. LBF Travel*, 13-cv-2412.

Dated: November 18, 2014
      New York, New York

                              Respectfully submitted,

                              WILSON, ELSER, MOSKOWITZ,
                              EDLEMAN & DICKER


                              By:   /s/ Jura Zibas
                              Jura C. Zibas
                              150 E. 42nd Street
                              New York, NY 10017
                              (212) 490-3000 (phone)
                              (212) 490-3038 (facsimile)
                              *Attorneys for Plaintiff LBF Travel, Inc.*