UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBF TRAVEL, INC., <br><br> Plaintiff, <br><br> -v- <br><br> FAREPORTAL, INC. <br> WK TRAVEL, INC., <br><br> Defendants. | 13 Civ. 9143 (LAK)(GWG) <br><br> ▄▄▄▄ <br><br> **STIPULATED PROTECTIVE ORDER** |

The undersigned parties hereby stipulate and agree to the treatment of certain information

exchanged in connection with this action as follows:

1.    Designated Materials.

(a)    A party or nonparty may designate as "CONFIDENTIAL," in whole or in part,

any document, thing, or information (collectively "material") which contains trade secrets

or other confidential research, development, or commercial information and which is to

be disclosed or produced to a party in this action.  The marking shall state

"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or other similar legend,

along with a designation, e.g., bates number prefix, of the identity of the designating

party or nonparty.

(b)    A party or nonparty may designate as "RESTRICTED CONFIDENTIAL —

OUTSIDE COUNSEL ONLY," in whole or in part, any material which contains highly

confidential information that the producing party or nonparty believes in good faith to be

so commercially sensitive or confidential that disclosure to persons other than those

authorized under paragraph 7 would have the effect of causing harm to the competitive

1

commercial position of the designating entity or a third party. The party making the designation of "RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY" bears the burden of showing that the material so designated could not be reasonably protected through the "CONFIDENTIAL" designation. The marking shall state "RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY — SUBJECT TO PROTECTIVE ORDER" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

(c)     The designations described in subparagraphs (a) and (b) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. If any items produced in a non-paper medium are printed out by the receiving party, the receiving party must mark each page of the printed version with the confidentiality designation if the printed version is not already marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this litigation for any purpose.

(d)     Information is not properly designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY subject to this Protective Order if: (i) the parties agree, or the Court rules, it is in the public domain; (ii) the parties agree, or the Court rules, it has become part of the public domain by publication or by other means, except an unauthorized act or omission on the part of the receiving party; (iii) it is supplied to the receiving party by a third party who is under no obligation to maintain

2

such information in confidence; and/or (iv) it is or becomes known to the receiving party without any breach of any Protective Order or other confidentiality obligation.

(e)     Where a receiving party designates a document CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY solely because it contains the confidential information of a disclosing party (for example, in a pleading or brief), the document will be designated to identify the party whose confidential information is contained therein in addition to the confidentiality designation, for example, CONFIDENTIAL CONTAINS [Party] DESIGNATED INFORMATION.

(f)     A disclosing party will use reasonable care to avoid designating any document or information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY which is not entitled to such designation or which is generally available to the public.

2.     Material Produced for Inspection. Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected shall be deemed RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials until the party allowing access to them indicates otherwise in writing or delivers copies of them to the party seeking discovery with no CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY designation. If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY, that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be  permitted

3

only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY.

3.      Persons Permitted In Depositions. If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding (a) CONFIDENTIAL material, then only persons designated in paragraph 8 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition; or (b) RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material, then only persons designated in paragraph 7 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material to any person to whom disclosure is prohibited under this Protective Order. It shall be the obligation of the party that produced the CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material to invoke this provision.

4.      Designation of Deposition Transcripts. With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action, such party, nonparty or another party to this suit may at the deposition designate the deposition as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or may have until fifteen (15) calendar days (or the next following business day in the event the 15th day is not a business day) after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the

4

transcript are designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE
COUNSEL ONLY. If no such designation is made at the deposition, no such deposition
transcript shall be disclosed to any person other than those persons who are entitled to have
access to such materials pursuant to paragraph 7 or paragraph 8 below and the deponent (and the
deponent's counsel in the case of a separately represented nonparty) during these fifteen (15)
days, and no person attending such a deposition shall disclose the contents of the deposition to
any person other than those described in paragraph 7 or paragraph 8 below during said fifteen
(15) days. Upon being informed that certain portions of a deposition are designated as
CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY, each
party shall cause each copy of the transcript in its possession, custody or control to be so marked,
to the extent not already marked by the reporter.

5.      Limits on Use of Designated Materials. All material designated CONFIDENTIAL or
RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY as provided herein shall not
be used by any recipient or disclosed to anyone for any purpose other than in connection with the
above-captioned action and shall not be disclosed by the recipient to anyone other than those
persons who are entitled to have access to such material pursuant to paragraph 7 or paragraph 8
below, unless and until the restrictions herein are removed by an order of the Court or by written
agreement of the parties. Nothing in this Protective Order shall bar or otherwise restrict a
producing party or nonparty from having access to or using, without notification of any other
party or nonparty, CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE
COUNSEL ONLY materials that the producing party or nonparty has produced in this action.
Where a receiving party designates a document CONFIDENTIAL or RESTRICTED
CONFIDENTIAL — OUTSIDE COUNSEL ONLY solely because it contains the confidential

5

information of a disclosing party (for example, in a pleading or brief), nothing limits the disclosing party from showing the designated document to anyone.

6.      Challenges to Designations and Resolution of Disputes. Nothing in this Protective Order shall be construed to prevent any party to this action from opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY. A party opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall serve a written objection, including a statement of the grounds for the objection, on the designating party. The designating party will have a reasonable period, not exceeding five (5) Court days following the receipt of the objection to (1) advise the receiving party whether or not the disclosing party persists in such designation; and (2) if the disclosing party persists in the designation, to explain the reasons for the particular designation. If the CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY designation is not withdrawn, or if the designating party has failed to respond, the objecting party, after advising the disclosing party, may move the Court (or request leave to move the Court if so required by court rule) within ten (10) Court days for an order removing or replacing the CONFIDENTIAL or RESTRICTED CONFIDENTIAL —OUTSIDE COUNSEL ONLY designation. On such a motion, it shall be the burden of the designating party to prove that the material or information was properly designated. If an objecting party does not make a timely motion or request, such objection is deemed withdrawn. Until a ruling from the Court, disputed items are presumed to be CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY as designated and will be handled in accordance with the provisions of this Protective Order.

(a)     The designation of material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY may also be challenged under this section, if any of the events described in Paragraph 1(d) has come to pass.  On such a motion it shall be the burden of the challenging party to establish that one or more of the events described in Paragraph 1(d) has come to pass.

(b)     In the event that the Producing Party alleges that the Receiving Party's use of material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY violated the terms of this Protective Order, the Producing Party shall have the burden of showing that the Receiving Party had material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY and used it in violation of the terms of this Protective Order.

(c)     The failure of the Receiving Party to challenge the confidential status of any material under this Protective Order at the time of production shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time thereafter.

7.     Access to RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY Materials. Access to material designated RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

(a)     (i) outside counsel of record for the parties, including the partners, counsel, and associates of outside counsel's law firm who assist outside counsel in this matter and (ii) other outside counsel for the parties if such other outside counsel has executed a Notice

of Adherence to Protective Order in the form attached hereto as Exhibit A and served a copy of such executed Notice of Adherence on all parties;

(b)      the employees of such outside counsel of record or other outside counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in connection with this case, provided, however, that such employees have access to material designated RESTRICTED CONFIDENTIAL— OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

(c)      independent copy and litigation support services solely for purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the litigation;

(d)      non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

(i)      Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties a copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A signed by such expert or consultant, and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved (iii) the dates of the relationship(s), (iv) a statement of

8

whether the relationship(s) was with a competitor of any of the Defendants, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. The original of each such Notice shall be maintained by counsel proposing the expert. A party proposing such expert or consultant shall respond within three (3) Court days to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii)     Unless a party notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefor, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material pursuant to the terms and conditions of the Protective Order;

(iii)    Should the opposing party timely notify proposing counsel of its objection, the parties shall meet and confer within five (5) Court days and, if not resolved, the objecting party shall have five (5) Court days from the meet and confer within which to file a motion to preclude the proposed disclosure. Where objection is made, no designated material shall be disclosed to the consultant or

9

expert until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying the producing party's motion for protection. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this protective order;

(e)     Mock Jurors and Jury Consultants retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

(i)     For any jury research, an appropriate screening must be used to ensure that the jury consultant(s) and mock jurors chosen for any mock jury are not current or former officers, directors, employees or consultants of any party or direct competitors of any party.

(ii)     Each mock juror or jury consultants must agree to be bound by the terms of this protective order and must execute the agreement in Exhibit A. The party retaining the mock jurors or jury consultants shall retain the executed agreements.

(f)     court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Protective Order and provided that they are provided information designated RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

(g)     the Court and any Court of Appellate Jurisdiction;

(h)     Court personnel involved with this case;

(i)     members of the jury in this case;

10

(j)     witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

    (i)     any witness may be shown, but not allowed to retain, RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

    (ii)     a current officer, director, or employee of a designating party may be shown that party's RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material;

    (iii)     any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material;

    (iv)     a former officer, director, or employee of a designating party may be shown that party's RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material if it appears from the face of the material that the witness previously had access to the RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material while employed by the designating party, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order; and

(k)     any person that already has or obtains legitimate possession.

11

(l)     Papers or pleadings, including briefs and declarations or affidavits, filed with the
Court and which contain or refer to RESTRICTED CONFIDENTIAL – OUTSIDE
COUNSEL ONLY shall be treated as if designated CONFIDENTIAL in order to permit
litigation counsel to adequately communicate with their respective clients and keep their
clients informed as to the status and progress of the litigation.

8.     Access to CONFIDENTIAL Materials.  Access to material designated CONFIDENTIAL
under this Protective Order, and to any portion of any transcript, brief, affidavit, letter,
memorandum or other paper that contains, reveals or refers to material so designated, shall be
limited to the person and circumstances identified in paragraph 7 hereof and additionally:

(a)     for each party, up to five (5) officers or in-house counsel not directly involved in
product design or patent prosecution, and who have no current plans or intentions to
become directly involved in product design or patent prosecution who have done at least
one of the following:

(i)     made an appearance of record in this matter; or

(ii)     executed a Notice of Adherence to Protective Order in the form attached
hereto as Exhibit A and served such executed notice on all parties;

(b)     the clerical employees of such officers or in-house counsel (including secretaries,
paralegals and clerks) actually assisting in connection with this case who have executed a
Notice of Adherence to Protective Order in the form attached hereto as Exhibit A,
provided, however, that such employees have access to material designated
CONFIDENTIAL only to the extent necessary to perform their duties; and

(c)     for each party that does not designate in-house counselor officers pursuant to
paragraph 8(a), up to two (2) in-house advisors not directly involved in product design or

12

patent prosecution, and who have no current plans or intentions to become directly involved in product design or patent prosecution, who are directing the litigation for such party, in accordance with the following procedure:

(i)     Counsel for such a party shall submit to outside counsel of record for the other parties a copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A signed by such in-house advisor. The original of each such Notice shall be maintained by counsel proposing the in-house advisor. A party proposing such in-house advisor shall respond within three (3) Court days to any reasonable request for additional information regarding the employment or other professional activities of the proposed in-house advisor;

(ii)    Unless a party notifies the proposing counsel of its objection to any such proposed in-house advisor, and the basis therefor, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such in-house advisor shall thereafter be deemed a qualified recipient and entitled to receive the designating party's CONFIDENTIAL material pursuant to the terms and conditions of the Protective Order;

(iii)   Should the opposing party timely notify proposing counsel of its objection the parties shall meet and confer within five (5) Court days; and, if not resolved, the objecting party shall have five (5) Court days from the meet and confer within which to file a motion to preclude the proposed disclosure. Where objection is made, no designated material shall be disclosed to the in-house advisor until the day after the last day to file a motion for a protective order (where no protective

13

order is sought), or upon entry of the Court's order denying the producing party's motion for protection. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this protective order;

(d)     non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who have executed a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A.

9.     If an attorney for any receiving party desires to give, show, make available or communicate (a) any document or information designated CONFIDENTIAL to a person not authorized by paragraph 8 to receive such documents or (b) any document or information designated RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY to a person not authorized by paragraph 7 to receive such documents, the attorney must first submit to outside counsel for the producing party a copy of a completed Notice of Adherence to the Protective Order in the form attached hereto as Exhibit A signed by the person seeking access, and disclose that person's name, a statement of that person's responsibilities that require access to such information, a specific identification of the information to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary. The producing party shall have five (5) days after receiving the above-described information to object in writing to such disclosure. Pending resolution of any informal or formal petition for disclosure, no disclosure shall be made to such person. If the disclosing party who so designated the document refuses to give its consent, the disclosing and receiving parties shall confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be

reached, the receiving party desiring disclosure of the confidential document or information may petition the Court for an order granting disclosure.

10.     Maintenance of Designated Materials. Material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall be maintained in the custody of counsel for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. Each recipient of material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

11.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

12.     Pleadings Containing Confidential Items. Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise

15

reveals material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL —

OUTSIDE COUNSEL ONLY shall be marked on the front cover with the appropriate legend set

forth in paragraph 1. An CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE

COUNSEL ONLY materials that are filed with the Court for any purpose shall be filed under

seal. Any party seeking to file any CONFIDENTIAL or RESTRICTED CONFIDENTIAL —

OUTSIDE COUNSEL ONLY materials under seal shall seek leave of the Court, in accordance

with the Court's Local Rules.

13.    Final Disposition of Materials. Unless counsel agree otherwise in writing, within sixty

(60) days of the designating party's dismissal from the action or final termination of this action

including any appeals, whichever comes first, all CONFIDENTIAL or RESTRICTED

CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials that have been produced, served

or otherwise made available by the designating party during the course of this action, together

with all reproductions, copies (including copies provided by a receiving party to any other

person), abstracts, indices or summaries of those materials, shall be destroyed or delivered to

counsel for the designating party, except that (1) if those materials are the subject of a valid

discovery request in another action, the receiving party may retain those materials in order to

comply with the discovery request; and (2) outside counsel of record for each party may retain a

complete set of their case files for this matter, including all pleadings, depositions, deposition

exhibits, deposition evaluations, expert reports including exhibits, discovery responses, and

correspondence. Such file copies must be maintained under the conditions of RESTRICTED

CONFIDENTIAL — OUTSIDE COUNSEL ONLY documents. At the conclusion of this 60-

day period, an in-house counsel or advisor designated under paragraph 8(a) or 8(c) shall

represent in writing under penalty of perjury that to his or her knowledge and belief the company

16

has either returned or destroyed all confidential information in accordance with this order. Documents provided to the Court designed either CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall be destroyed or returned to the party that produced the material within sixty (60) days from the final termination of this action including any appeals. Any action by this Court in this regard must be preceded by an ex parte motion for an order authorizing the return of all CONFIDENTIAL and/or RESTRICTED CONFIDENTIAL material to the party that produced the information or the destruction thereof.

14.     Inadvertent Failure to Designate. Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party from designating said document or material "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY." Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of excerpts of and notes related to any redesignated material from persons not entitled to receive it. Disclosure of such "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY" to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a useless act, the party shall promptly notify

17

the disclosing party of the distribution and all pertinent facts concerning it, including the identity

of the person or entity not under the control of the receiving party.

15.     Improper Disclosure. If material or information designated CONFIDENTIAL or

RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY is disclosed to any person

other than in the manner authorized by this Protective Order, the party responsible for the

disclosure must immediately bring all pertinent facts relating to such disclosure to the attention

of the designating party, and without prejudice to the rights and remedies of the designating

party, make every effort to retrieve the improperly disclosed material and to prevent further

unauthorized disclosure on its own part or on the part of the recipient of such information or

material.

16.     Privileged and Irrelevant Materials. Nothing in this Protective Order shall be construed

as requiring disclosure of privileged materials, materials subject to protection under the work

product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

17.     Inadvertent Disclosure of Privileged Information. The inadvertent or unintentional

disclosure by the producing party of information subject to the attorney-client privilege or work-

product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in

whole or in part of the party's claim of privilege or work-product immunity, either as to the

specific information disclosed or as to any other information relating thereto or on the same or

related subject matter. If a party has inadvertently produced information subject to a claim of

immunity or privilege, the receiving party, upon request, shall return or destroy the inadvertently

produced materials within five (5) Court days of the request, and all copies of those materials

that may have been made and any notes regarding those materials shall be destroyed. The party

returning such information may move the Court (or request leave to move the Court) for an order

18

compelling production of such information including on the grounds that such production was not inadvertent or unintentional. However, the inadvertent production of privileged or otherwise protected materials cannot be a basis for seeking production.

18.     Additional Relief. Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

19.     No Waiver of Objections to Admissibility. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

20.     Party and Third Party Confidential Materials. Any party to this Protective Order may produce, pursuant to this Protective Order, material that is subject to contractual or other obligations of confidentiality, express or implied, owed to another party to this Protective Order without requiring further notice or consent. During the course of this action, a party may be requested to produce to another party material subject to contractual or other obligations of confidentiality, express or implied, owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality ("the disclosing party") shall contact the non-party within five (5) Court days to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order and shall inform the non-party of the contents of this Protective Order and specifically of this paragraph. When such written notice is given to the non-party, the disclosing party will at the same time advise the potential receiving party that such notice has been given. The non-party shall have fourteen (14) calendar days from receipt of the written notice in which to seek a protective order to prevent disclosure, if the non-party so desires. If the non-party

19

consents to disclosure or if the fourteen (14) calendar days elapse without the third party seeking a protective order, the requested information shall be produced in accordance with the terms of this Protective Order.

21.     Advice to Client. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials.

22.     Continuing Obligations. This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Items under the terms of this Protective Order, with respect to any dispute over the improper use of such Confidential Items and with respect to any orders permitting materials to be filed and maintained under seal. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials, or other documents or information, or (iii) seeking further production, discovery, disclosure, or use of claimed CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials or other documents or information.

23.     Filing of Motions.  The parties must comply with the Local Rules of the United States District Court for the Southern District of New York in connection with the filing of all motions.

24.     Transmission by facsimile is acceptable for all notification purposes herein.

25.     This Order may be modified by agreement of the parties, subject to approval by the Court, without prejudice to the rights of any party to move for relief from any of its provisions.

26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

27.     This Protective Order is not intended to govern any protections or restrictions related to the production, receipt, or maintenance of source code.  The parties shall enter into a separate agreement regarding the process for receiving and maintaining source code.

28.     Without separate court order, this Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

Dated: New York, New York
            November 26 2014

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

By: _____
        Jura C. Zibas
        Jana A. Slavina

150 East 42nd Street
New York, NY  10017-5639
Telephone: (212) 490-3000

Attorneys for plaintiff LBF Travel, Inc.

COHEN & GRESSER LLP

By: _____
      Nathaniel P. T. Read
      nread@cohengresser.com
      Joyce E. Kung
      jkung@cohengresser.com

800 Third Avenue, 21st Floor
New York, NY  10022
Telephone:  (212) 957-7600

      Attorneys for defendants Fareportal, Inc.
            and WK Travel, Inc.

                        IT IS SO ORDERED:

                        _____
                        GABRIEL W. GORENSTEIN
                        United States Magistrate Judge
                        Dated: November 26, 2014

22

**EXHIBIT A - Notice of Adherence to Protective Order**

I, [NAME], declare and say that:

1.      I, [NAME], live at [ADDRESS].

2.      I am employed as [EMPLOYMENT].

3.      I have read the Protective Order entered in *LBF Travel, Inc. v. Fareportal, Inc. and WK Travel, Inc.*, and a copy of the Protective Order has been given to me.

4.      I agree to be bound by the terms of the Protective Order, and agree that any Information designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY within the meaning of the Protective Order, will be used by me only to assist outside litigation counsel in connection with the above-referenced litigation.

5.      I agree that I will not disclose or discuss information designated as RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY with anyone other than the persons described in Paragraph 7 of the Stipulated Protective Order.

6.      I agree that I will not disclose or discuss information designated as CONFIDENTIAL with anyone other than the persons described in Paragraph 8 of the Stipulated Protective Order.

7.      I understand that any disclosure or use of information designated as CONFIDENTIAL and RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY in any manner contrary to the provisions of the Stipulated Protective Order will subject me to sanctions for contempt of the Order.

8.      I understand and agree that within sixty (60) days of the final disposition of this action, whether by judgment, settlement, or otherwise, I shall either destroy or deliver to counsel for the producing party all CONFIDENTIAL or RESTRICTED CONFIDENTIAL - OUTSIDE

23

COUNSEL ONLY material and all copies made thereof (including summaries, excerpts and work product that includes information obtained from any received CONFIDENTIAL or RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL ONLY material).

9.      I agree to be subject *in personam* to the jurisdictions of the U.S. District Court in which this litigation shall be conducted in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me this [DATE] at [PLACE].

_____

24