```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LBF TRAVEL, INC.,                               :
                                                                    13 Civ. 9143 (LAK) (GWG)
                          Plaintiff,            :
             v.                                                    AMENDMENT TO REPORT AND
                                                :                  RECOMMENDATION
FAREPORTAL, INC. et al.,
                                                :

                          Defendants.           :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff LBF Travel, Inc. ("LBF") brought this action alleging various claims against Fareportal, Inc. and WK Travel, Inc. (collectively "defendants"). Following a motion to dismiss by defendants, the undersigned issued a Report and Recommendation recommending dismissal of a number of claims and denial of the motion to dismiss as to others. See Report and Recommendation, dated Nov. 5, 2014 (Docket # 19) ("R&R"). On November 18, 2014, LBF filed objections to some of the rulings. See LBF Travel, Inc.'s Objections to the Magistrate Judge's Report and Recommendation, dated Nov. 18, 2014 (Docket # 22) ("Obj."). Having read those objections, we have sua sponte reconsidered the recommendations in the R&R. See, e.g., Tucker v. United States, 249 F. App'x 763, 765 n.2 (11th Cir. 2007) (it is "prudent and efficient" for magistrate judges to "correct[] perceived errors in their reports and recommendations when mistakes come to light"). The R&R is amended as described below.

I.  Recommendation to Dismiss Counts VI and VII of the Complaint (N.Y. Gen. Bus. Law §§ 349 and 350)

We hereby amend the R&R (pp. 18-23) to reflect that the dismissal of Counts VI and VII of the complaint — relating to deceptive practices under state law — should be with leave to

1

amend those claims. As currently drafted, Counts VI and VII are clear in alleging the harm that LBF contends flows from defendants' acts is harm to LBF, not to the public. See First Amended Complaint, filed Mar. 7, 2014 (Docket # 13) ("Compl."), ¶¶ 153, 159. While LBF has pointed to some paragraphs containing allegations of complaints made by consumers, see Obj. at 3-4 (citing Compl. ¶¶ 96-97), these paragraphs are part of a lengthy section describing defendants' trademark infringement. That is, these allegations do not appear in the portion of the complaint identified as describing the state deceptive practices statutes, see Compl. at 30-32, but instead appear in the portion of the complaint describing "Acts of Federal and Common Law Trademark Infringement . . . . Elements Heightening the Likelihood of Confusion: Confusingly Similar 'Look and Feel' of Defendants' Websites," id. at 20, 24.

Moreover, these allegations of consumer complaints are introduced by the following clause:

> Plaintiff suffered real damage to its business standing and reputation of LBF's Marks by being associated with Defendants' businesses due to Defendants' [trademark infringing] activity described above, in light of the extremely negative reviews that Defendants' websites received.

Compl. ¶ 95. Thus, the complaint makes allegations regarding consumer complaints against the defendants solely to support the fact that LBF suffered damage by being "associated with" defendants' businesses. While the allegations of the complaint relating specifically to the state deceptive practice claims contain paragraphs incorporating by reference all previous allegations, id. ¶¶ 150, 155, the paragraphs that describe the harm that resulted from defendants' deceptive practices describe only harm to LBF, not harm to the public. See Compl. ¶¶ 153, 159. Thus, the deceptive practice claims in the complaint as drafted do not reflect that LBF is alleging harm to the consumer public. See, e.g., Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d

Cir. 1995) ("The gravamen of the complaint must be consumer injury or harm to the public interest.") (internal quotation marks and citation omitted); 4 K & D Corp. v. Concierge Auctions, LLC, 2 F. Supp. 3d 525, 548 n.13 (S.D.N.Y. 2014) ("Courts routinely reject a competitor's Sections 349 and 350 claims if the gravamen of the complaint is . . . harm to plaintiff's business rather than harm to the public interest in New York at large.") (internal quotation marks and citation omitted).

That being said, it may be that LBF can amend the counts of the complaint relating to the state law deceptive practices claims to cure this defect. Accordingly, the R&R is hereby amended to reflect that the dismissal of Counts VI and VII should be with leave to amend. See, e.g., Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.") (citation omitted).

II.     Trade Dress Infringement Claims/Declaratory Judgment Claims

We also recommended dismissal of LBF's claims for Trade Dress Infringement (R&R at 23-28) and for Declaratory Judgment (R&R at 28-29). We adhere to these recommendations but amend the R&R to reflect that such dismissals should be without prejudice. LBF is thus free to seek to bring such claims in the lawsuit filed against LBF by defendants (Docket 13 Civ. 2412).

III.    CONCLUSION

For the reason stated herein and in the original R&R, defendants' motion to dismiss the first amended complaint (Docket # 13) should be granted in part and denied in part. Specifically, (1) LBF's claims for trade dress infringement and declaratory judgment should be dismissed without prejudice; and (2) LBF's claims for deceptive practices under N.Y. Gen. Bus. Law § 349 and false advertising under N.Y. Gen. Bus. Law § 350 should be dismissed with leave to amend in the event LBF is able to cure the defects identified in the R&R.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 8, 2014
        New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge