UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LBF TRAVEL, INC.,

                Plaintiff,

                v.

FAREPORTAL, INC. and WK TRAVEL, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 13 Civ. 9143 (LAK)(GWG)

**RESPONSE OF DEFENDANTS FAREPORTAL, INC. AND WK TRAVEL, INC. TO OBJECTIONS OF PLAINTIFF LBF TRAVEL, INC. <u>TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Defendants Fareportal, Inc. and WK Travel, Inc. respectfully submit their response to the December 19, 2014 objections of Plaintiff LBF Travel, Inc. to Magistrate Judge Gorenstein's Report and Recommendation, as amended on December 8, 2014.

In his November 5, 2014 original Report and Recommendation (the "R&R"), Magistrate Judge Gorenstein recommended that this Court grant in part and deny in part Defendants' motion to dismiss the First Amended Complaint. As relevant here, Magistrate Judge Gorenstein recommended that this Court dismiss LBF's claims for deceptive practices under N.Y. Gen. Bus. Law § 349, false advertising under N.Y. Gen. Bus. Law § 350, and trade dress infringement. *See* R&R at 29 (D.I. 19). On December 8, 2014, Magistrate Judge Gorenstein *sua sponte* amended the R&R to reflect that the dismissal of the New York deceptive practices and false advertising claims should be with leave to amend, and that the dismissal of the trade dress infringement

claims should be without prejudice.  *See* Amendment to R&R (the "Amendment") at 1-3 (D.I. 27).[1]

This Court should adopt the R&R and Amendment in their entirety.  The Magistrate Judge (1) properly rejected LBF's claims for deceptive business practices under N.Y. Gen. Bus. Law §§ 349 and 350 because LBF did not assert any actual consumer harm; and (2) correctly found that LBF's trade dress claims were required to be brought as compulsory counterclaims in *Fareportal, Inc. v. LBF Travel, Inc.*, Case No. 13-cv-02412-RWS (S.D.N.Y.), pending before Judge Sweet.[2]  Defendants respectfully submit that this Court should reject LBF's Objections to the R&R and Amendment (D.I. 28, the "Objections") and affirm the holdings of Magistrate Judge Gorenstein.

## ARGUMENT

Under Federal Rule of Civil Procedure 72(b)(3), portions of reports and recommendations by Magistrate Judges to which objections have been filed are generally reviewed under a *de novo* standard, but when a party makes only conclusory or general objections, or simply reiterates its original arguments, the Court should apply a clear error standard.  *See, e.g.*, *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *Pearson-Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).  In other words, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in

---

[1] Plaintiff submitted objections to the initial R&R, but agreed that those objections were rendered moot by the Amendment, making any response thereto unnecessary.  *See* December 9, 2014 Letter from Defendants' counsel to the Court.

[2] On page 1 of its Objections, LBF states that the Magistrate Judge erred by holding that LBF abandoned its declaratory judgment claim, but LBF does not provide any argument in support. LBF has thus not actually objected to this portion of the R&R and Amendment, and the Court should adopt that recommendation as a result.

the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

As discussed in detail below, LBF has utterly failed to show any error. Thus, under the clear error standard (or even the *de novo* standard), this Court should adopt in whole the R&R and Amendment.

**I.     LBF's Deceptive Business Practices Claims Should Be Dismissed.**

The R&R and Amendment recommend dismissal of Plaintiff's claims under N.Y. Gen. Bus. Law § 349 which, *inter alia*, prohibits "[d]eceptive acts or practices" in the conduct of any business and under N.Y. Gen. Bus. Law § 350, which prohibits false advertising. As recognized by the R&R and Amendment, claims under Sections 349 and 350 must allege actions that, in addition to causing harm to the plaintiff, also cause consumer injury or harm to the public interest. R&R at 18-23; Amendment at 2-3 (citing *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995), and *4 K&D Corp. v. Concierge Auctions, LLC.*, 2 F. Supp. 3d 525, 548 n.13 (S.D.N.Y. 2014)). The R&R and Amendment properly dismissed LBF's claims because they did not allege any harm to the public arising from Defendants' purported wrongdoing directed at LBF. R&R at 18-23; Amendment at 2-3. Instead, those claims arise from Defendants' purported actions using LBF's trademarks "without [LBF's] consent." R&R at 18 (quoting First Amended Complaint at ¶¶ 152, 157).

In its Objections, Plaintiff states that Magistrate Judge Gorenstein "ignore[d] LBF's allegations" related to purported harm to consumers. Objection at 2. But LBF's arguments were not ignored; indeed, LBF's opposition to the motion to dismiss points to the same conclusory allegations that consumers were harmed by "comparative savings claims" allegedly made by Defendants that were purportedly "misleading and grossly exaggerated and/or did not actually offer savings to the consumers . . . ." *See* Opposition to Motion to Dismiss at 18 (D.I. 17) (citing

3

First Amended Complaint at ¶ 103); *see also* Objections at 2-3.  Further, although LBF takes issue with the Magistrate Judge's finding that LBF's claims center on injury to its reputation from the diversion of customers and revenue, in fact its Objections state that its claims arise from Defendants' alleged direction of "customers toward an alternative service;" Plaintiff has conceded, as it should, that it alleged harm only to its business through loss of sales, not to consumers in general.  Objections at 3.

Magistrate Judge Gorenstein considered all of LBF's allegations, and determined that they were too vague to show any harm to the public.  R&R at 20-23.  The Amendment clarified this holding further, finding that Plaintiff's deceptive business practices claims are premised on actions that allegedly harmed only LBF, not the general public.  Amendment at 2-3.  The Amendment further considered LBF's allegations regarding anonymous consumer complaints, and properly held that LBF did not articulate what consumer harm was or could possibly be caused by Defendants' alleged acts.  *Id.*  In short, the R&R and Amendment considered LBF's allegations and arguments in full and correctly rejected them, recommending dismissal of the claims under Gen. Bus. Law §§ 349 and 350.  The Objections provide no basis for disturbing those holdings.  As a result, the R&R and Amendment should be adopted in their entirety.

## II.     LBF's Trade Dress Infringement Claims Should Be Dismissed.

Counts I and II of the First Amended Complaint allege trade dress infringement purportedly arising from Defendants' website design.  In the *Fareportal, Inc. v. LBF Travel, Inc.* action pending before Judge Sweet, Defendants are prosecuting claims against LBF for trade dress infringement arising from LBF's copying of Defendants' website design.  R&R at 24 (citing Complaint, *Fareportal, Inc. v. LBF Travel, Inc.*, Case No. 13-cv-02412-RWS (S.D.N.Y.), Apr. 11, 2013 (D.I. 1)).  The R&R and Amendment correctly recommend dismissal of LBF's

4

claims here because they are mandatory counterclaims that should have been asserted in the case before Judge Sweet.

As Magistrate Judge Gorenstein recognized, the trade dress claims here are "essentially identical" to those before Judge Sweet "with the only difference being that LBF has alleged that its websites pre-dated defendants' websites." R&R at 26-27. LBF's trade dress claims are thus compulsory counterclaims that should have been asserted before Judge Sweet. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (compulsory counterclaims arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim, and this Circuit has long considered this standard met when there is a 'logical relationship' between counterclaim and the main claim" (internal quotation marks and citation omitted)).

Although LBF asserts that the Magistrate Judge erred, it offers no basis for its argument. *See* Objections at 5. Instead, Plaintiff merely reiterates its arguments in opposition to the motion to dismiss, particularly that, in the case before Judge Sweet, "LBF is the purported infringer," while here "it is Fareportal who is accused of infringing." Objections at 5; Opposition to Motion to Dismiss at 12. LBF's assertions have already been properly rejected. R&R at 26-28.

Plaintiff also cites *Deere & Co. v. MTD Holdings, Inc.*, 2003 U.S. Dist. LEXIS 19161, *16-*17 (S.D.N.Y. Oct. 27, 2003) (also available at *Deere & Co. v. MTD Holdings, Inc.*, No. 00 CIV. 5936 (LMM), 2003 WL 22439778 (S.D.N.Y. Oct. 28, 2003)), but that case provides no help. In *Deere*, the claims centered on John Deere's well-known trade dress, while the counterclaim arose under Ohio state unfair competition law. *Deere*, 2003 WL 22439778, at *5. Not surprisingly, the claim and counterclaim involved two completely different sets of facts: whether defendant copied (claim for trade dress infringement) and whether plaintiff engaged in anticompetitive conduct in connection with policing its marks (counterclaim for unfair

competition). Here, the claim and counterclaim are not only logically related, they arise from the exact same facts.

Indeed, LBF has conceded the prudence of Judge Sweet deciding claims regarding the trade dress of the websites at issue. In the action before Judge Sweet, LBF asserted as an affirmative defense to Fareportal's trade dress claims that it "developed all websites in good faith with reasonable belief that it was [*sic*] generic and use[d] features seen on many websites in the industry." *See* Answer at 16 (Case 1:13-cv-02412-RWS, May 13, 2013 (D.I. 5)). LBF's assertion before Judge Sweet that its website design is "generic" and before this Court that its design is "distinctive" is yet another reason why all claims regarding those facts should be heard by Judge Sweet.

## **CONCLUSION**

LBF has failed to identify any error in Magistrate Judge Gorenstein's Report and Recommendation and the Amendment. Defendants respectfully request that this Court adopt the R&R and Amendment in their entirety.

Dated: January 5, 2015
      New York, New York

/s/  Nathaniel P.T. Read
Nathaniel P.T. Read
nread@cohengresser.com
Joyce E. Kung
jkung@cohengresser.com
Mina S. Reiman
mreiman@cohengresser.com

COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7600
Fax: (212) 957-4514

*Attorneys for Defendants*
*Fareportal, Inc. and WK Travel, Inc.*