Nathaniel P. T. Read
nread@cohengresser.com
Joyce E. Kung
jkung@cohengresser.com
Mina S. Reiman
mreiman@cohengresser.com
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY  10022
Phone:  (212) 957-7069
Fax:  (212) 957-4514

*Attorney for Defendants Fareportal, Inc. and WK Travel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                      :

LBF TRAVEL, INC.,                 :   Case No. 13 Civ. 9143 (LAK)

                     Plaintiff,     :   (GWG)

                        :

        – against –          :

                        :

FAREPORTAL, INC. and WK TRAVEL, INC.,   :

                        :

              Defendants.    :

                        :
-------------------------------------------------------------------x

## <u>ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT</u>

      Defendants Fareportal, Inc. ("Fareportal") and WK Travel, Inc. ("WK Travel," and,

collectively with Fareportal, "Defendants"), by and through the undersigned counsel, as and for

their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (the "SAC")

hereby state as follows:

## NATURE OF ACTION[1]

1.      Defendants admit that Plaintiff purports to allege violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; trademark infringement and unfair competition in violation of New York State common law; trademark dilution and injury to business reputation under New York General Business Law ("NY GBL") § 360-l; trade name infringement under NY GBL § 133; unfair and deceptive trade practices under NY GBL § 349; false advertising under NY GBL § 350; unfair business practices under New York State common law; and unjust enrichment under New York State common law. The remainder of the allegations contained in Paragraph 1 set forth conclusions of law for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 1 and Defendants expressly deny that Plaintiff is entitled to any relief on any of its claims.

2.      Defendants admit, on information and belief, that Plaintiff operates online travel companies which offer travel products to customers through the websites www.smartfares.com and www.travelation.com. Defendants lack sufficient knowledge and information to admit or deny remainder of the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3, except that Fareportal admits that it operates travel websites and is the registrant of domain names www.cheapOair.com and www.cheapOstay.com, and WK Travel admits that it operates travel websites and is the registrant of the domain name www.onetravel.com. Defendants also admit they are affiliated companies and that they compete with Plaintiff in the market of online travel services.

4.      Defendants deny all allegations in Paragraph 4.

---

[1] The headings of the SAC are replicated herein for the convenience of this Court only and in no way constitute an admission of any fact by the Defendants.

5.      Defendants deny the allegations in Paragraph 5, except that Defendants admit that they have knowledge of Plaintiff's existence and, upon information and belief, that Plaintiff was assigned and now owns a federal trademark registration for TRAVELATION and operates a website at www.smartfares.com.

6.      Defendants deny all allegations in Paragraph 6.

7.      Defendants deny all allegations in Paragraph 7.

8.      Defendants deny all allegations in Paragraph 8.

## CEASE AND DESIST LETTER

9.      In response to the allegations in Paragraph 9, Defendants admit that through their counsel they received a letter via electronic mail from Plaintiff's counsel dated October 28, 2013, a copy of which was annexed as Exhibit A to the SAC. Defendants respectfully refer the Court to the October 28, 2013 letter for its true and complete content.

10.     In response to the allegations in Paragraph 10, Defendants admit that through their counsel they received a letter via electronic mail from Plaintiff's counsel dated October 28, 2013, a copy of which was annexed as Exhibit A to the SAC. Defendants respectfully refer the Court to the October 28, 2013 letter for its true and complete content.

11.     In response to the allegations in Paragraph 11, Defendants admit that through their counsel they received a letter via electronic mail from Plaintiff's counsel dated October 28, 2013, a copy of which was annexed as Exhibit A to the SAC. Defendants respectfully refer the Court to the October 28, 2013 letter for its true and complete content.

12.     In response to the allegations in Paragraph 12, Defendants admit that their counsel sent a letter to Plaintiff's counsel on October 30, 2013, a copy of which was annexed as Exhibit

B to the SAC. Defendants respectfully refer the Court to the October 30, 2013 letter for its true and complete content.

10.     Defendants deny all the allegations in this Paragraph, erroneously numbered Paragraph 10.[2]

## THE PARTIES

11.     Defendants admit, upon information and belief, the allegations in this Paragraph, erroneously numbered Paragraph 11.

12.     Defendants admit the allegations in this Paragraph, erroneously numbered Paragraph 12.

13.     Defendants admit the allegations in this Paragraph, erroneously numbered Paragraph 13.

## JURISDICTION AND VENUE

15.     In response to the allegations in Paragraph 15,[3] Defendants answer as follows:

(i)     Defendants admit that in this action Plaintiff attempts to assert claims under the Lanham Act § 43(a), 15 U.S.C. §§ 1114, 1064, *et seq.*, and that under 15 U.S.C. § 1121 this Court has jurisdiction over such claims, but Defendants deny the substance of all such claims;

(ii)     Defendants admit that in this action Plaintiff attempts to assert claims under the Lanham Act § 43(a), 15 U.S.C. §§ 1114, *et seq.*, and that under 28 U.S.C. § 1331 this Court has jurisdiction over such claims, but Defendants deny the substance of all such claims;

---

[2] Numerous paragraphs in the SAC contain errors in their sequential numbering. For the Court's convenience, Defendants have followed the non-sequential numbering of the SAC in their Answer.
[3] There is no Paragraph 14 in the SAC.

(iii)     Defendants admit, upon information and belief, the allegations in Paragraph 15(iii) regarding the corporate citizenship of the parties, but deny that this court has jurisdiction under 28 U.S.C. § 1332;

(iv)     Defendants admit that in this action Plaintiff attempts to assert claims under the Lanham Act § 43(a), 15 U.S.C. §§ 1114 *et seq.*, and that under 28 U.S.C. § 1338 this Court has jurisdiction over such claims, but Defendants deny the substance of all such claims; and

(v)     Defendants admit that in this action Plaintiff attempts to assert claims under state law, and that under 28 U.S.C. § 1367 this Court has jurisdiction over such claims, but Defendants deny the substance of all such claims.

16.     The allegations of Paragraph 16 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph except admit that venue is proper in this District.

## FACTUAL BACKGROUND

### I.  Plaintiff's Business and Trademark Holdings

17.     Defendants lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 17.

18.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 18.

18.     Defendants lack sufficient knowledge and information to admit or deny the allegations in this Paragraph, erroneously numbered Paragraph 18.

19.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 19.

20.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 20.

21.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 21.

22.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 22.

23.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 23.

**II. Defendants' Business Operations**

24.     Defendants deny the allegations in Paragraph 24, except admit that they are affiliated companies.

25.     Defendants deny the allegations in Paragraph 25, except Fareportal admits that it owns a portfolio of travel brands, including CheapOair and CheapOstay, and operates websites under those brands from the URLs http://www.cheapOair.com and http//www.cheapOstay.com, respectively. Fareportal further admits that CheapOair is an online source of discounted leisure and business travel products, and CheapOstay is an online source for negotiated hotel rates.

26.     In response to the allegations of Paragraph 26, Fareportal admits that it is the owner of the following federally-registered trademarks: CHEAPOAIR, Reg. No. 3,576,166; CheapOstay, Reg. No. 3,672,700; CHEAPOAIR.COM THE ONLY WAY TO GO!!, Reg. No. 3,580,258; and CHEAPOAIR.COM THE ONLY WAY TO GO!! (stylized mark), Reg. No. 3,553,213. Defendants admit that a copy of the Certificate of U.S. Trademark Registration No. 3,576,166 is annexed as Exhibit C to the SAC; that a copy of the Certificate of U.S. Trademark Registration No. 3,672,700 is annexed as Exhibit D to the SAC; that a copy of the Certificate of U.S. Trademark Registration No. 3,580,258 is annexed as Exhibit E to the SAC; and that a copy

of the Certificate of U.S. Trademark Registration No. 3,553,213 is annexed as Exhibit F to the SAC. Defendants respectfully refer the Court to the Certificate of U.S. Trademark Registration for each mark for its true and accurate content.

27.     The allegations of Paragraph 27 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

28.     The allegations of Paragraph 28 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

29.     The allegations of Paragraph 29 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

30.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 30.

31.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 31.

32.     The allegations of Paragraph 32 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

33.     The allegations of Paragraph 33 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

34.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 34.

35.     The allegations of Paragraph 35 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

36.     The allegations of Paragraph 36 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

37.     Defendants admit the allegations of Paragraph 37.

38.     Defendants deny the allegation that they use the INSANELYCHEAPFLIGHTS mark and operate the website located at the URL http://www.insanelycheapflights.com. Defendants lack sufficient knowledge and information to admit or deny the remainder of the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39, except admit that the FAREBUZZ mark is owned and the www.farebuzz.com website is operated by a company under common control with Fareportal and admit that consumers can book flights, accommodations, car rentals, and purchase vacation packages, among other things, through the www.farebuzz.com website.

40.     In response to the allegations of Paragraph 40, Fareportal admits that it has applications pending before the USPTO for the following: CHEAPOAIR.COM, Serial No. 85/566,395, for advertising services for travel services, namely, promoting the goods, services, brand identity and commercial information and news of travel and travel related companies on the Internet in Class 35; providing an on-line computer database in the field of travel information

services; travel and tour information service; travel and tour ticket reservation service; travel services, namely, providing fare and rate information for transportation bookings and reservations for flights, car rentals, cruises, rail travel, and tours via computer; and providing travel information and news via computer in Class 39; and providing travel lodging information services and travel lodging booking agency services for travelers in Class 43; and www.cheapOair.com, Serial No. 85/564,451, for providing an on-line computer database in the field of travel information services; travel and tour information service; travel and tour ticket reservation service; travel services, namely, providing fare and rate information for transportation bookings and reservations for flights, car rentals, cruises, rail travel, and tours via computer; and providing travel information and news via computer in Class 39; and providing travel lodging information services and travel lodging booking agency services for travelers in Class 43. WK Travel admits that it had an application pending before the USPTO for the mark ONETRAVEL, Serial No. 85/620,094, which registered as Reg. No. 4,545,969 for providing an on-line computer database in the field of travel information services; travel and tour information services; travel and tour ticket reservation services; travel services, namely, providing fare and rate information for transportation bookings and reservations for flights, car rentals, cruises, rail travel, and tours via computer; providing travel information and news via computer in Class 39, and providing travel lodging information services and travel lodging booking agency services for travelers in Class 43.

     41.     Defendants admit that they compete with Plaintiff in the area of online travel services. Defendants deny the remainder of the allegations in Paragraph 41.

     42.     Defendants deny all allegations in Paragraph 42.

**III. Facts Common to All Claims for Relief**

A. **Background on Federal and Common Law Trademark Infringement in Search Engine Marketing**

43.     Defendants deny all allegations in Paragraph 43.

44.     In response to the allegations of Paragraph 44, Defendants admit that Google offers a program known as "Google AdWords" and that a description of the program is available at the website www.google.com/adwords, to which Defendants respectfully refer the Court for its true and complete content. Defendants deny the allegations of Paragraph 44 to the extent they are not a true and complete description of the Google AdWords program.

45.     In response to the allegations of Paragraph 45, Defendants admit that Google offers a program called Google AdWords and that a description of the program is available at the website www.google.com/adwords, to which Defendants respectfully refer the Court for its true and complete content. Defendants deny the allegations of Paragraph 45 to the extent they are not a true and complete description of the Google AdWords program, and deny the accuracy of Plaintiff's description of the appearance of "sponsored links."

46.     In response to the allegations of Paragraph 46, Defendants admit that search engines other than Google also offer online advertising programs associated with specific words or phrases, commonly referred to as Search Engine Marketing ("SEM"). Defendants further admit that a description of the Google AdWords program is available at the website http://www.google.com/adwords, to which Defendants respectfully refer the Court for its true and complete content. Defendants also admit that Yahoo! offers a program called "Yahoo! Advertising" and that a description of the program is available at the website https://advertising.yahoo.com, to which Defendants respectfully refer the Court for its true and complete content. Defendants further admit that Microsoft offers a program called "Bing Ads" and that a description of the program is available at the website

10

http://advertise.bingads.microsoft.com/en-us/sign-up, to which Defendants respectfully refer the Court for its true and complete content. Defendants lack sufficient knowledge and information to admit or deny the remainder of the allegations in Paragraph 46.

47.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 47.

48.     Defendants deny all allegations in Paragraph 48, except admit that they advertise their services and products on the internet through the Google AdWords program and other SEM programs, and admit that, on certain occasions prior to October 24, 2013, they bid on the terms "Smartfares" or "Travelation" in connection with their SEM advertising.

49.     Defendants deny all allegations in Paragraph 49.

50.     Defendants deny all allegations in Paragraph 50.

51.     Defendants deny all allegations in Paragraph 51.

52.     Defendants deny all allegations in Paragraph 52.

**B.  Acts of Federal and Common Law Trademark Infringement**

53.     The allegations of Paragraph 53 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 53.

54.     The allegations of Paragraph 54 set forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all allegations in this Paragraph.

55.     Defendants deny all allegations in Paragraph 55.

56.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 56.

57.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 57.

58.     Defendants deny all allegations in Paragraph 58.

59.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 59.

60.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 60.

61.     Defendants deny all allegations in Paragraph 61.

**IV. Violations of Consumer Protection Statutes**

62.     Defendants deny all allegations in Paragraph 62.

63.     Defendants deny all allegations in Paragraph 63.

64.     Defendants deny all allegations in Paragraph 64.

65.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 65.

66.     Defendants deny all allegations in Paragraph 66.

67.     Defendants deny all allegations in Paragraph 67.

68.     Defendants deny all allegations in Paragraph 68, except admit that certain Fareportal advertising has included the words "Save up to 65% at CheapOair" and "40% to 65% discount on airfare."

69.     Defendants deny all allegations in Paragraph 69, except admit that Fareportal participated in a review by the National Advertising Division ("NAD") in 2012 and that the NAD noted in its decision that Y class unrestricted international fares are among the most expensive fares available.

70.     Defendants deny all allegations in Paragraph 70, except admit that the NAD made certain recommendations in connection with the 2012 review.

71.     Defendants deny all allegations in Paragraph 71, except admit that certain Fareportal advertising has included the words "CheapOair saves you time and guarantees the best rate," and that the NAD made certain recommendations in connection with the 2012 review.

72.     Defendants deny all allegations in Paragraph 72.

73.     Defendants deny all allegations in Paragraph 73.

## COUNT I

## <u>VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114</u>

74.     Defendants incorporate by reference its responses to Paragraphs 1 through 73 of the SAC as if fully set forth herein.

75.     Defendants deny all allegations in Paragraph 75.

76.     Defendants deny all allegations in Paragraph 76.

77.     Defendants deny all allegations in Paragraph 77.

78.     Defendants deny all allegations in Paragraph 78.

79.     Defendants deny all allegations in Paragraph 79.

80.     Defendants deny all allegations in Paragraph 80.

81.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 81.

82.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 82.

83.     Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 83.

84.     Defendants deny all allegations in Paragraph 84.

85.    Defendants deny all allegations in Paragraph 85.

86.    Defendants deny all allegations in Paragraph 86.

## COUNT II

## <u>VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)</u>

87.    Defendants incorporate by reference its responses to Paragraphs 1 through 86 of the SAC as if fully set forth herein.

88.    Paragraph 88 merely recites a federal statute to which no response is required. Defendants respectfully refer the Court to Section 1125 of the Lanham Act for its true and complete content.

89.    Defendants deny all allegations in Paragraph 89.

90.    Defendants deny all allegations in Paragraph 90.

91.    Defendants deny all allegations in Paragraph 91.

92.    Defendants deny all allegations in Paragraph 92.

93.    Defendants deny all allegations in Paragraph 93.

## COUNT III

## <u>STATE UNFAIR COMPETITION</u>

94.    Defendants incorporate by reference its responses to Paragraphs 1 through 93 of the SAC as if fully set forth herein.

95.    Defendants deny all allegations in Paragraph 95.

96.    Defendants deny all allegations in Paragraph 96.

97.    Defendants deny all allegations in Paragraph 97, except admit that, on certain occasions prior to October 24, 2013, they bid on the terms "Smartfares" or "Travelation" in connection with their SEM advertising.

14

98.     Defendants lack sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 98. Defendants deny all other allegations in this Paragraph.

99.     Defendants deny all allegations in Paragraph 99.

## COUNT IV

### STATE TRADEMARK AND TRADE NAME INFRINGEMENT-- VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-1

100.     Defendants incorporate by reference its responses to Paragraphs 1 through 99 of the SAC as if fully set forth herein.

101.     Paragraph 101 merely recites a state statute to which no response is required. Defendants respectfully refer the Court to NY GBL § 360-1 for its true and complete content.

102.     Defendants deny all allegations in Paragraph 102.

103.     Defendants deny all allegations in Paragraph 103.

104.     Defendants deny all allegations in Paragraph 104.

105.     Defendants deny all allegations in Paragraph 105.

## COUNT V

### STATE TRADE NAME INFRINGEMENT-- VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 133

106.     Defendants incorporate by reference its responses to Paragraphs 1 through 105 of the SAC as if fully set forth herein.

107.     Paragraph 107 merely rephrases a state statute to which no response is required. Defendants respectfully refer the Court to NY GBL § 133 for its true and complete content.

108.     Defendants deny all allegations in Paragraph 108.

109.     Defendants deny all allegations in Paragraph 109.

110.    Defendants deny all allegations in Paragraph 110.

111.    Defendants deny all allegations in Paragraph 111.

## COUNT VI

### DECEPTIVE ACTS AND PRACTICES--
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

112.    Defendants incorporate by reference its responses to Paragraphs 1 through 111 of the SAC as if fully set forth herein.

113.    Paragraph 113 merely recites a state statute to which no response is required. Defendants respectfully refer the Court to NY GBL § 349 for its true and complete content.

114.    Defendants deny all allegations in Paragraph 114.

115.    Defendants deny all allegations in Paragraph 115.

116.    Defendants deny all allegations in Paragraph 116.

117.    Defendants deny all allegations in Paragraph 117.

118.    Defendants deny all allegations in Paragraph 118, except admit that certain Fareportal advertising has included the words "Save up to 65% at CheapOair" and "40% to 65% discount on airfare."

119.    Defendants deny all allegations in Paragraph 119, except admit that Fareportal participated in a review by the National Advertising Division ("NAD") in 2012 and that the NAD noted in its decision that Y class unrestricted international fares are among the most expensive fares available.

120.    Defendants deny all allegations in Paragraph 120, except admit that the NAD made certain recommendations in connection with the 2012 review.

121.    Defendants deny all allegations in Paragraph 121, except admit that certain Fareportal advertising has included the words "CheapOair saves you time and guarantees the best rate," and that the NAD made certain recommendations in connection with the 2012 review.

122.    Defendants deny all allegations in Paragraph 122.

123.    Defendants deny all allegations in Paragraph 123.

124.    Defendants deny all allegations in Paragraph 124.

125.    Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 125.

126.    Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 126.

127.    Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 127.

128.    Defendants deny all allegations in Paragraph 128.

**COUNT VII**

**FALSE ADVERTISING--**
**<u>VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350</u>**

129.    Defendants incorporate by reference its responses to Paragraphs 1 through 128 of the SAC as if fully set forth herein.

130.    Paragraph 130 merely recites a state statute to which no response is required. Defendants respectfully refer the Court to NY GBL § 350 for its true and complete content.

131.    Defendants deny all allegations in Paragraph 131.

132.    Defendants deny all allegations in Paragraph 132.

133.    Defendants deny all allegations in Paragraph 133.

134.    Defendants deny all allegations in Paragraph 134.

## COUNT VIII

### STATE UNFAIR BUSINESS PRACTICE

135.     Defendants incorporate by reference its responses to Paragraphs 1 through 134 of the SAC as if fully set forth herein.

136.     Defendants deny all allegations in Paragraph 136.

137.     Defendants deny all allegations in Paragraph 137.

138.     Defendants deny all allegations in Paragraph 138.

139.     Defendants deny all allegations in Paragraph 139.

## COUNT IX

### UNJUST ENRICHMENT

140.     Defendants incorporate by reference its responses to Paragraphs 1 through 139 of the SAC as if fully set forth herein.

141.     Defendants deny all allegations in Paragraph 140.

142.     Defendants deny all allegations in Paragraph 141.

143.     Defendants admit that Plaintiff and Defendants are competitors in the market of online travel services. Defendants deny all other allegations in this Paragraph.

144.     Defendants deny all allegations in Paragraph 144.

### RELIEF

The remainder of the Complaint is a prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief requested in the SAC and respectfully requests that the Court enter judgment against Plaintiff on all of Plaintiff's claims.

All allegations of the SAC not expressly admitted to herein are denied.

## DEMAND FOR JURY TRIAL

Defendants request a jury trial on all issues triable by a jury.

## AFFIRMATIVE DEFENSES

In further response to the SAC, and without conceding or assuming that Defendants bear the burden of proof on such issues, Defendants allege the following affirmative and other defenses and reserve the right to amend its Answer as additional information becomes available:

## FIRST AFFIRMATIVE DEFENSE

A.      The SAC fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

B.      The claims asserted in the SAC are barred in whole or in part on the grounds that any use by Defendants of either the SMARTFARES mark or the TRAVELATION mark (these marks are collectively referrered to herein as the "LBF Marks") was a nominative fair use or other form of fair use.

## THIRD AFFIRMATIVE DEFENSE

C.      Plaintiff is not entitled to relief because it failed to join necessary parties.

## FOURTH AFFIRMATIVE DEFENSE

D.      Plaintiff lacks standing to maintain this action.

E.      On information and belief, Plaintiff does not own the federal trademark registration for SMARTFARES, Reg. No. 4,563,664, and therefore, lacks standing to maintain this action including, but not limited to, in connection with the claims in Count I (Violation of the Lanham Act, 15 U.S.C. § 1114) and Count IV (State Trademark and Trade Name Infringement – Violation of New York General Business Law § 360-l).

## FIFTH AFFIRMATIVE DEFENSE

F.      The LBF Marks lack secondary meaning and are therefore subject to limited protection, if any.

## SIXTH AFFIRMATIVE DEFENSE

G.      The LBF Marks lack distinctiveness, are generic and descriptive, and are therefore subject to limited protection, if any.

## SEVENTH AFFIRMATIVE DEFENSE

H.      Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of Plaintiff's goods or services or that Defendants' goods or services are associated with, or endorsed by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

I.      On information and belief, a reasonable opportunity for discovery will establish that Plaintiff is barred in whole or in part under principles of equity, including waiver, estoppel, unclean hands, and/or laches.

## NINTH AFFIRMATIVE DEFENSE

J.      Plaintiff is not entitled to injunctive relief because any alleged remedy is not immediate or irreparable. To the extent Plaintiff proves that it would be entitled to any relief, it would have an adequate remedy at law. Moreover, the public interest and balance of hardships disfavors an injunction under the circumstances of this case.

## RESERVATION TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES

K.     Defendants' investigation of the claims and their defenses is ongoing. In addition to the defenses set forth herein, Defendants expressly reserve the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may now exist or become known or available in the future based upon discovery and further investigation in this case.

Dated: February 17, 2015
       New York, New York

/s/  Nathaniel P.T. Read
Nathaniel P.T. Read
nread@cohengresser.com
Joyce E. Kung
jkung@cohengresser.com
Mina S. Reiman
mreiman@cohengresser.com

COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7600
Fax: (212) 957-4514

*Attorneys for Defendants*
*Fareportal, Inc. and WK Travel, Inc.*